IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary of Homeland Security, in his official capacity, et al.,<br><br>*Defendants*. | No. 20-cv-02245-EGS |

**DECLARATION OF TAYLOR LEVY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASSWIDE PRELIMINARY INJUNCTION**

I, Taylor Levy, hereby declare:

1. I am an attorney licensed to practice law in Texas. I became licensed in 2019. I am in good standing with the State Bar of Texas (State Bar No. 24113588). I specialize in immigration law, and I practice in El Paso, Texas. I run a private law firm called Taylor Levy Law through which I provide primarily pro bono legal services to individuals in the El Paso area.

2. Since 2009, I have worked as an attorney and advocate in various capacities for noncitizens at or near the border. Among other roles, I have worked as Legal Coordinator for Annunciation House in El Paso, Texas, where I coordinated volunteers who represent and advocate for immigrants in the El Paso area. Before I became licensed as an attorney, I worked for five years as a Department of Justice Accredited Representative representing individuals in immigration court in the El Paso, Texas area.

3. Since the Title 42 Process went into effect in March, I have worked with a number of families whose children have come to the border unaccompanied, and were subjected to swift expulsion.

4. All of these cases are urgent because children can be deported in a matter of days. I usually hear about these cases because the detained child, or a DHS officer detaining the child, calls a relative in the United States. Sometimes a consular official from the child's

1

country of origin calls the relative, and can inform the relative that the child is subject to swift deportation. The relative either reaches out to me directly, or contacts a lawyer who reaches out to me because I am a well-known lawyer in the El Paso area.

5. Unaccompanied children and their relatives are typically given very little information about what is happening to the child, including where the child is detained and when they are scheduled for deportation. Children are frequently moved from facility to facility without warning, and without being told their location. Relatives have reported that even when the child calls them, DHS officers/contractors stay on the line during the phone calls and often prevent the child from disclosing information that would indicate their current location. For example, children have been told if they tell their relative the name of the hotel where they are staying, they will no longer be allowed to make phone calls.

6. In my experience, most, if not all, of the unaccompanied children subject to the Title 42 Process appear to have claims for asylum. Most of the children I have worked with come from El Salvador, Guatemala, and Honduras, and are afraid to return. The children and relatives often report that despite having such fears, DHS does not screen them for those fears until a lawyer makes the request. Even then, the assessment is evidently only for claims under the Convention Against Torture, and not for asylum or withholding of removal.

I declare under the penalty of perjury under the laws of the United States and Texas that the foregoing is true and correct. Executed in El Paso, Texas.

Dated: August 20, 2020              /s/ *Taylor Levy*
                                    TAYLOR LEVY