# In the
# United States Court
for the
# District of Columbia

| | |
|---|---|
| P.J.E.S., *Plaintiff*, v. Chad Wolf, *et al. Defendants*. | Civil Action 1:20-cv-02245 (EGS) |

**BRIEF *AMICUS CURIAE*
OF THE
IMMIGRATION REFORM LAW INSTITUTE**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Interest of *Amicus Curiae*..................................................................................1

Statement ..............................................................................................................1

Legal Standard.....................................................................................................3

Argument ..............................................................................................................3

    I. Repeals by implication are disfavored. ..................................................4

    II. Section 245 is neither a substitute for nor in irreconcilable conflict with the Immigration and Nationality Act ................................5

    III. Congress's subsequent amendments to the immigration-related provisions of the Health Service Act show a lack of implicit repeal. .......................................................................................7

Conclusion ............................................................................................................8

# TABLE OF AUTHORITIES

Case Law:

*Branch v. Smith*, 538 U.S. 254 (2003) .................................................. 4

*Defs. of Wildlife v. United States EPA*,
   420 F.3d 946 (9th Cir. 2005) ......................................................... 6–7

*Defs. of Wildlife v. United States EPA*,
   450 F.3d 394 (9th Cir. 2006) ............................................................ 7

*Hunter v. FERC*, 711 F.3d 155 (D.C. Cir. 2013) .................................... 4

*Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982) ............................ 4

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*,
   551 U.S. 644 (2007) ..................................................................... 6–7

*Mills v. District of Columbia*, 571 F.3d 1304 (D.C. Cir. 2009) ............ 3

*Morton v. Mancari*, 417 U.S. 535 (1974) ............................................... 4

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,
   566 U.S. 639 (2012) ......................................................................... 6

*Radzanower v. Touche Ross & Co.*, 426 U.S. 148 (1976) ..................... 4

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984) ............................. 4

*United States v. Borden Co.*, 308 U.S. 188 (1939) ............................... 4

*United States v. United Cont'l Tuna Corp.*,
   425 U.S. 164 (1976) ......................................................................... 4

Statutes:

Public Health Service Act,
   Pub. L. No. 78-410, 58 Stat. 682 (1944) ............................... 2–3, 5, 7

Immigration and Nationality Act of 1952,
   Pub. L. No. 82-414, 66 Stat. 163 .............................................. 3, 6–8

Hawaii Omnibus Act, Pub.
   L. 86–624, 74 Stat. 419 (1960) ....................................................... 8

National Consumer Health Information and Health Promotion
  Act of 1976, Pub. L. 94–317, 90 Stat. 695 .......................................... 8

Public Health Security and Bioterrorism Preparedness and
  Response Act of 2002, Pub. L. 107–188, 116 Stat. 594 ...................... 8

William Wilburforce Trafficking Victims Protection Act
  of 2008, Pub. L. No. 110-457, 122 Stat, 5044 ................................... 3

8 U.S.C. § 1158 ................................................................................... 3, 6

8 U.S.C. § 1231 ................................................................................... 3, 6

8 U.S.C. § 1232 ................................................................................... 3, 6

42 U.S.C. § 264 ................................................................................... 2–3

42 U.S.C. § 265 ................................................................................ 2–3, 5

Regulations:

Control of Communicable Diseases; Foreign Quarantine:
  Suspension of Introduction of Persons Into United States
  From Designated Foreign Countries or Places for Public
  Health Purposes, 85 Fed. Reg. 16,559–67 (Mar. 24, 2020) .............. 2

Notice of Order Under Sections 362 and 365 of the Public
  Health Service Act Suspending Introduction of Certain
  Persons From Countries Where a Communicable Disease
  Exists, 85 Fed. Reg. 17,060–88 (Mar. 26, 2020) ............................... 2

## INTEREST OF *AMICUS CURIAE*

The Immigration Reform Law Institute ("IRLI") is a not for profit 501(c)(3) public interest law firm incorporated in the District of Columbia. IRLI is dedicated to litigating immigration-related cases on behalf of United States citizens. IRLI has litigated or filed amicus curiae briefs in many immigration-related cases before federal courts and administrative bodies, including *Trump v. Hawaii*, 138 S. Ct. 2392 (2018); *United States v. Texas*, 136 S. Ct. 2271 (2016); *Arizona Dream Act Coal. v. Brewer*, 818 F.3d 101 (9th Cir. 2016); *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 74 F. Supp. 3d 247 (D.D.C. 2014); *Save Jobs USA v. United States Dep't of Homeland Sec.*, 942 F.3d 504 (D.C. Cir. 2019); *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (B.I.A. 2016); and *Matter of C-T-L-*, 25 I. & N. Dec. 341 (B.I.A. 2010). IRLI has represented a wide variety of plaintiffs in immigration matters, ranging from American workers who have been displaced by foreign workers to foreign workers who have not been paid by their employers. Consequently, IRLI is dedicated to assisting the courts in maintaining a rational immigration system for the benefit of its clients.

## STATEMENT

This case raises the question of whether statutory provisions governing the public health system that authorize the executive branch to ban the introduction of aliens into the United States from countries when there is a danger of introducing disease have been implicitly repealed by subsequent enactments in immigration provisions governing asylum, removal of aliens, and trafficking of children. *E.g.*, 8 U.S.C.

1

§§ 1158, 1231, 1232.

The Public Health Service Act contains immigration-related provisions that address the introduction of diseases from foreign countries. Pub. L. No. 78-410, §§ 361–62, 58 Stat. 682, 703–04 (1944). Section 361 of the Act (codified at 42 U.S.C. § 264) authorizes the executive branch to make and enforce regulations "to prevent the introduction, transmission, or spread of communicable diseases from foreign countries" and for the "apprehension, detention, or conditional release of individuals" who are "coming into a State or possession from a foreign country" for the "purpose of preventing the introduction, transmission, or spread of such communicable diseases." Section 362 (codified at 42 U.S.C. §265) of the act authorizes the executive branch to promulgate regulations that "prohibit, in whole or in part, the introduction of persons and property from such countries or places . . . in order to avert such danger, and for such period of time . . . necessary for such purpose."

In response to the COVID-19 pandemic, the Department of Health and Human Services (HHS) issued an Interim Final Rule to allow the Centers for Disease Control and Prevention (CDC) Director to invoke his authority under Section 265. Control of Communicable Diseases; Foreign Quarantine: Suspension of Introduction of Persons Into United States From Designated Foreign Countries or Places for Public Health Purposes, 85 Fed. Reg. 16,559–67 (Mar. 24, 2020). Subsequently, the CDC issued an order in response limiting travel to the United States. Notice of Order Under Sections 362 and 365 of the Public Health Service Act Suspending Introduction of Certain Persons From Countries Where a Communicable Disease Exists, 85 Fed. Reg. 17,060–88 (Mar.

26, 2020). The order enlisted the assistance of U.S. Customs and Border Protection (CPB) for implementation. *Id*. Plaintiff filed this lawsuit alleging the government's actions under 42 U.S.C. § 265 violate the Administrative Procedure Act. Compl. ¶¶ 108–146. Plaintiff now seeks a preliminary injunction. Mot. ECF 15.

## LEGAL STANDARD

To prevail in a motion for a preliminary injunction a plaintiff

> must demonstrate 1) a substantial likelihood of success on the merits, 2) that they would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction. A district court must balance the strength of a plaintiff's arguments in each of the four elements when deciding whether to grant a preliminary injunction.

*Mills v. District of Columbia*, 571 F.3d 1304, 1308 (D.C. Cir. 2009) (internal quotations and citations omitted).

## ARGUMENT

The provisions of 42 U.S.C. §§ 264–65 authorize the executive branch to prohibit the introduction of people or property from countries where the CDC has determined there exists a communicable disease. These provisions were enacted in the Public Health Service Act, Pub. L. No. 78-410, §§ 361–62, 58 Stat. 682 (1944). Subsequent enactments of immigration provisions address the removal of aliens, 8 U.S.C. § 1231, and efforts to combat the trafficking of children, 8 U.S.C. § 1232. Immigration and Nationality Act of 1952, Pub. L. No. 82-414, § 214, 66 Stat. 163, 202; William Wilburforce Trafficking Victims Protection Act of 2008, Pub. L. No. 110-457, § 235, 122 Stat. 5044, 5073. This case presents the question of whether later enacted immigration provisions have implicitly repealed the earlier public health provisions.

## I. Repeals by implication are disfavored.

"It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored." *United States v. United Cont'l Tuna Corp.*, 425 U.S. 164, 168 (1976). "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. 'When there are two acts upon the same subject, the rule is to give effect to both if possible.'" *Morton v. Mancari*, 417 U.S. 535, 551 (1974) (quoting *United States v. Borden Co.*, 308 U.S. 188, 198 (1939)). Furthermore, the courts treat allegations of partial repeal by implication in the same manner as allegations of total repeal by implication. *E.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017 (1984); *Hunter v. FERC*, 711 F.3d 155, 159 (D.C. Cir. 2013). Under the general rule of statutory construction, the provisions of Title 42 have not been repealed by subsequent enactments in Title 8.

There are two situations, however, where courts find repeals by implication:

> "(1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest."

*Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 468 (1982) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976)). Such a finding is rare. *See Branch v. Smith*, 538 U.S. 254, 293 (2003) (O'Connor, J., concurring in part and dissenting in part) (observing the Court had not found an implied repeal outside the anti-trust context

4

since 1917, or any implied repeal since 1975).

## II. Section 245 is neither a substitute for nor in irreconcilable conflict with the Immigration and Nationality Act.

The first circumstance for finding a repeal by implication is not present. The executive's powers to restrict immigration under 42 U.S.C. § 265 are not boundless. That provision can only be invoked when four prerequisites are satisfied: the CDC must (1) determine the existence of a communicable disease in a foreign country; (2) that there is serious danger of the introduction of the disease into the United States; (3) that the danger from the disease is increased by the introduction of persons or property from that country; and (4) that the suspension of the introduction of such persons or property is required in the interest of public health. *Id.* Therefore, 42 U.S.C. § 265 is not a provision of general application. Furthermore, it is notable that neither the complaint, ECF 1, nor Plaintiff's memorandum in support of their motion, ECF 15-1, dispute whether the CDC has satisfied the prerequisites of section 265.

Because section 265 is one of limited application, it is not difficult to give effect to both it and the statutory provisions of Title 8. The provisions of the Immigration and Nationality Act (*e.g.*, 8 U.S.C. §§ 1158, 1231, 1232) are of general application and normally apply. In contrast, section 265 only applies in limited circumstances and over limited periods of time. Such an interpretation flows naturally from the *generalia specialibus non derogant* (general/specific) canon of statutory construction. "[W]here general and specific authorizations exist side-by-side, the general/specific canon avoids rendering superfluous a specific provision that is swallowed by the general one." *RadLAX Gateway Hotel,*

5

*LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). The provisions of Title 42 can, and should be, given full effect.

The second circumstance for finding repeal by implication here can be dispensed with quickly. The public health provisions and immigration provisions at issue are in different titles of the U.S. Code (8: Aliens and Nationality; 42: The Public Health and Welfare). Section 265 of Title 42 was created in an act that consolidated the laws relating to the Public Health Service. Public Health Service Act, § 362, 58 Stat. at 704. Clearly, the Immigration and Nationality Act of 1952 as amended does not cover the whole subject of public health. There is some overlap in subject matter, but the Public Health Service Act is not a subset of the Immigration and Nationality Act. For example, the former's creation of a National Health Service Corps does not exist anywhere in the Immigration and Nationality Act. Public Health Service Act, § 203, 58 Stat. at 683. Therefore, neither circumstance for finding a repeal by implication exists here.

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, is instructive on this point. 551 U.S. 644 (2007). The Clean Water Act (1972) gave the Environmental Protection Agency authority to issue permits for the discharge of pollutants into navigable waters. *Defs. of Wildlife v. United States EPA*, 420 F.3d 946, 950 (9th Cir. 2005). The same Act permitted states to apply to the EPA to administer the permit program within their borders. *Id*. Furthermore, the Clean Water Act *mandated* that the Environmental Protection Agency approve such applications if nine conditions were met. *Id*. Subsequently, in 1973 Congress enacted the Endangered Species Act. *Id*. The Endangered Species Act required that agencies must ensure that their actions would not adversely affect

6

threatened species. *Id.* at 950–51. The *Defs. of Wildlife* plaintiff challenged the transfer of a permit process to Arizona under the Clean Water Act on the grounds that the transfer did not conform to the requirements of the Endangered Species Act. *Id.* at 955.

The Ninth Circuit vacated the permit process transfer, even though the nine requirements of the Clean Water Act had been satisfied. *Id.* at 978. The Ninth Circuit held that the requirements of the Endangered Species Act also applied, effectively creating a tenth requirement for the application process. *Id.* at 975; *Defs. of Wildlife v. United States EPA*, 450 F.3d 394, 404 n.2 (9th Cir. 2006) ("[T]he very definite, unqualified language of the after-enacted Endangered Species Act must still prevail.") (Berzon, J., concurring in denial of rehearing *en banc*).

On writ of *certiorari*, the Supreme Court reversed. 551 U.S. at 673. The Supreme Court noted that the Ninth Circuit's grafting of a tenth requirement from the Endangered Species Act into the permit application process impermissibly created an implicit repeal of the mandate of the Clean Water Act. *Nat'l Ass'n of Home Builders*, 551 U.S. at 663. Similarly here, the provisions of Title 42 cannot be wiped out implicitly by the later enactments to Title 8 when there has been no specific repeal.

### III. Congress's subsequent amendments to the immigration-related provisions of the Health Service Act show a lack of implicit repeal.

Section 361 of the Public Health Service Act, authorizing regulations to prevent the introduction of disease from foreign countries and allowing the apprehension of aliens coming from a foreign country, has been amended three times after the enactment of the Immigration and Na-

7

tionality Act of 1952. The Hawaii Omnibus Act (1960) removed references to the Territory of Hawaii. Pub. L. 86–624, § 29, 74 Stat. 419, 624. The National Consumer Health Information and Health Promotion Act of 1976 redefined *state* to include the District of Columbia. Pub. L. 94–317, § 301, 90 Stat. 695, 707. The Public Health Security and Bioterrorism Preparedness and Response Act of 2002 modified the regulatory requirements governing the apprehension of aliens. Pub. L. No. 107–188, § 142, 116 Stat. 594, 626–27. Congress's repeated amendments to the provision authorizing regulations to restrict the introduction of aliens to prevent the spread of communicable diseases shows that Congress has not intended an implicit repeal of the executive's authority in this area.

## CONCLUSION

For the reasons stated above, the motion for preliminary injunction should be denied.

Respectfully submitted,

/s/ John M. Miano
John M. Miano
D.C. Bar No. 1003068
Christopher J. Hajec
D.C. Bar No. 492551
Immigration Reform Law Institute
25 Massachusetts Ave., N.W.
Suite 335
Washington, D.C. 20001
(908) 273-9207
miano@colosseumbuilders.com

9