## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,

    Plaintiff,

  v.

CHAD WOLF, Acting Secretary of Homeland Security, et al.,

    Defendants.

Civil Docket No. 1:20-cv-02245-EGS-GMH

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AND RESPONSE TO COURT ORDER REGARDING IMPACT OF THE *FLORES* ORDER

In their motion, ECF No. 58, Defendants moved to strike the declaration of Mark Greenberg, ECF No. 52-4, which was attached to Plaintiff's reply in support of his motion for a preliminary injunction without leave of the Court in violation of the local rules.  Defendants also moved in the alternative for leave to file the September 17, 2020 Declaration of Deputy Director Jallyn Sualog, Office of Refugee Resettlement ("ORR"), ECF No. 58-1, which was recently submitted in *Flores v. Barr*, No. CV 85-4544-DMG (C.D. Cal.), ECF No. 985-1 (Sept. 17, 2020).  Although Plaintiff previously opposed Defendants' alternative requests for relief, he now indicates that he does not oppose the Court's consideration of the September 17 Sualog Declaration.  Pl.'s Notice Regarding the Impact of the Flores Order and Opp'n to Defs.' Mot. to Strike at 4, ECF No. 61 ("Opp'n").  Accordingly, Defendants respectfully request that the Court grant Defendants leave to file the September 17 Sualog Declaration in support of Defendants' opposition to Plaintiff's motion for a preliminary injunction.

I.      **The September 17 Sualog Declaration Supports Defendants' Position that the Equities Tip Against Issuance of a Preliminary Injunction**

Although the Court did not permit it in its Order of September 22, 2020, ECF No. 60, Plaintiff uses his response to the motion to strike as an opportunity to provide supplemental briefing in further support of his motion for a preliminary injunction. In addition to making various arguments, critically, Plaintiff misreads ORR Deputy Director Sualog's two declarations in various respects. To the extent the Court is inclined to consider Plaintiff's additional arguments, Defendants respectfully request that the Court also consider the following brief response.

*First*, Plaintiff incorrectly proclaims that "Ms. Sualog does not dispute that the current number of children in ORR is at a safe level." Opp'n at 5. Deputy Director Sualog—a career civil servant with years of experience managing the ORR program, including during the current pandemic—clearly stated that "the ORR system would likely come under significant stress if ORR were to begin to receive on a regular basis approximately 75 to 100 referrals of UAC [unaccompanied alien children] per week, with approximately 30% of the UAC having tested positive or been exposed to COVID-19." Declaration of Jallyn Sualog ¶ 11 (dated Sept. 8, 2020), ECF No. 42-5. Deputy Director Sualog also attested that this threshold had been reached, explaining that from September 1, 2020 through September 16, 2020, ORR received 568 referrals, of which 30% were COVID-19 positive or exposed; specifically, two were COVID-19 positive (requiring isolation) and 170 were COVID-19 exposed (requiring quarantine). Sept. 17 Sualog Decl. ¶ 18. This directly rebuts Plaintiff's suggestion that Deputy Director Sualog offers only "speculative, bare-bones conclusions without factual support." Opp'n at 3; *see also id.* at 6. Furthermore, Deputy Director Sualog, who has ongoing oversight of ORR's day-to-day operations, including the implementation of COVID-19 infection control protocols, is uniquely qualified to opine on the myriad operational considerations that bear on ORR's ability to safely intake incoming unaccompanied alien children. Her opinion with respect to the operation of the agency she currently oversees is entitled to great weight.

2

*Second*, Plaintiff incorrectly states that Deputy Director Sualog believes "that, with an overall occupancy level of 30%, ORR can effectively implement key COVID-19 precautions like social distancing." Opp'n at 5. In fact, Deputy Director Sualog clarified in her September 17 declaration that, while in March 2020, "30% capacity was deemed adequate to implement protocols sufficient to protect the current population of UAC from COVID-19," that assessment was "before all of ORR's current COVID-19 protocols were in place, and thus did not account for the capacity that ORR must hold in reserve in order to properly stage" referred minors. Sept. 17 Sualog Decl. ¶ 7. Nor did that assessment in March account for the "impact an increase in the rate of referrals or an increase in the percentage of infected referrals would have on ORR's ability to implement effective COVID-19 containment protocols with respect to incoming UAC." *Id.*

At bottom, Plaintiff misplaces his focus on the number of open beds in ORR facilities. Opp'n at 5–6. As Deputy Director Sualog's declaration makes clear, the issue is not the number of open beds, but rather, whether the increased rate of referrals to ORR of minors with higher rates of exposure would create operational difficulties and make it more difficult to implement sufficient containment protocols. Deputy Director Sualog determined that it would. As she has further explained, ORR's current success in preventing COVID-19 outbreaks at its facilities is due to its ability to maintain low numbers at those facilities. Sept. 17 Sualog Decl. ¶¶ 6-7; *see also Flores v. Barr*, No. CV 85-4544 (C.D. Cal. Mar. 28, 2020), ECF No. 740, at 7 (noting that, in March 2020, "ORR's care-provider facilities are operating significantly below their maximum capacity and historical highs" and "[r]ecent CDC orders prohibiting the entrance of unaccompanied children into the United States will also likely decrease ORR's custodial population"). This squares with a core purpose of the Title 42 order: to prevent the "danger to the public health that results from the introduction of [covered] persons into congregate settings at or near the borders." 85 Fed. Reg. at 17061. Given the need to limit capacity to address COVID-19, the total number of available beds in ORR facilities is far from dispositive. Sept. 17 Sualog Decl. ¶¶ 9-11; 13-17. Increased referrals will quickly overwhelm ORR and escalate the

3

risk of transmission of COVID-19 to minors in ORR custody and local communities.  *Id.* ¶¶ 10-12.  Increased referrals, including those requiring quarantine or isolation, will increase the need to transfer minors, including potentially infected ones, between facilities, thereby increasing the risk that COVID-19 will spread within the ORR network and to local communities.  Declaration of ORR Deputy Director Jallyn Sualog, ECF No. 58-1, Attach. 1, ¶¶ 14-15, 20-21, 44-46, 47-49 (dated Sept. 11, 2020).

In sum, as is demonstrated by the Sualog declarations, Plaintiff is mistaken in asserting that "the [ORR] system can certainly absorb more children than it is holding now."  Opp'n at 6.

## II.    The *Flores* Order Does Not Materially Affect the Balance of Equities In This Case

This Court's September 23, 2020 Order also ordered the parties to address "the impact on the balance of equities in this case of the Order issued by the Honorable Dolly M. Gee on September 4, 2020, in *Flores v. Barr*, No. CV 85-4544 (C.D. Cal. Sept. 4, 2020), ECF No. 976 (as modified by the Order issued in that case on September 21, 2020, ECF No. 990)— particularly its requirement that the *Flores* class members be transferred into the custody of the Office of Refugee Resettlement."  Order at 2, ECF No. 60.

The *Flores* order does not materially affect the balance of equities in this case, although that Court does recognize the legitimacy of the Government's concerns regarding transmission of COVID-19 at the border.  As Plaintiff acknowledges, Opp'n at 1, the order does not address Defendants' legal authority under the Public Health Service Act, 42 U.S.C. § 265, pursuant to which the putative class members in this case are processed for expulsion.  *Flores*, No. CV 85-4544 (C.D. Cal. Sept. 4, 2020), ECF No. 976, at 4 ("As a preliminary matter, the Court makes clear what is *not* at issue in this case—the validity of Title 42 expulsions." (emphasis in original)).[1]

---

[1] The *Flores* Court has permitted the Government time to promptly effectuate expulsions under Title 42, permitting hotel stays of up to 72 hours prior to placement in a licensed program to avoid COVID transmission, ECF No. 990 (Sept. 21, 2020), as well as hotel stays for one or two nights prior to flights home, ECF No. 976 (Sept. 4, 2020).

Furthermore, the Government is appealing the *Flores* order and has moved for a stay pending appeal of that order. The Government's position in *Flores* is that aliens subject to the CDC Order, such as the putative class members here, are not members of the *Flores* class, but the *Flores* Court has ruled otherwise. To the extent that Plaintiff bases his assertions of irreparable harm on conditions during the Title 42 expulsion process, *see* Mem. in Supp. of Pl.'s Mot. for Classwide Prelim. Injunction at 30, ECF No. 15-1, that issue is currently being addressed by the *Flores* Court. As the Government explained in its emergency stay motion in the U.S. Court of Appeals for the Ninth Circuit, the *Flores* decision—particularly its requirement that unaccompanied minors subject to the CDC Order at issue in this case be transferred to licensed programs such as ORR facilities—causes irreparable harm and undermines the public interest. Renewed Emergency Mot. Under Cir. Rule 27-3 for Admin. Stay and Stay Pending Appeal, *Flores v. Barr*, No. 20-55951, at 16–18 (9th Cir. Sept. 24, 2020), ECF No. 12-1. It is the Government's position that the *Flores* Court has improperly substituted its own judgment for that of the Nation's top public health official by imposing requirements that frustrate the CDC Order's aim to prevent the introduction of COVID-19 into the United States. In allowing the movement of minors who have traveled to the United States through and from countries that are experiencing widespread community transmission into congregate-care facilities, the *Flores* decision increases the risk of transmission to those minors, those who care for them, other minors in care, and the public at large. *Id*. at 18.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants leave to file ORR Deputy Director Sualog's September 17, 2020 declaration.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

5

/s/ *Tanya Senanayake*
TANYA SENANAYAKE (D.C. Bar 1006218)
KEVIN SNELL
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.Lin@usdoj.gov

*Attorneys for Defendants*