**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

P.J.E.S. A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,

Plaintiff,

v.

CHAD WOLF, Acting Secretary of Department of Homeland Security, et al.,

Defendants.

Civil Docket No. 1:20-cv-02245-EGS

**DECLARATION OF WILLIAM A. FERRARA**

I, William A. Ferrara, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, and documents and information made known or available to me as of the time of signature from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am the Executive Assistant Commissioner, U.S. Customs and Border Protection (CBP), Office of Field Operations (OFO) since August 30, 2020. In this role, I oversee more than 32,000 employees, including more than 28,000 CBP Officers and CBP Agriculture Specialists. I manage numerous programs that support national security and the facilitation of lawful travel and trade. From July 2019 to August 2020, I served as the Executive Assistant Commissioner, Operations Support, where I provided leadership and direction across six subcomponents with a broad spectrum of capabilities to support CBP operations and enable mission execution. From 2016 to 2019, I served as the Director of

Field Operations (DFO) for the Boston Field Office, and from 2014 to 2016, I served as DFO for the Chicago Field Office. While stationed in Washington, D.C. from 2011-2014, I served in various roles in OFO to include: Acting Executive Director; Admissibility and Passenger Programs; Acting Executive Director of Mission Support; the Deputy Executive Director, Planning, Program Analysis, and Evaluation, and Director of Logistics. I began my Federal career with the U.S. Customs Service in 1989 as a Customs Inspector, stationed on the southwest border at the Calexico Port of Entry.

2. CBP has a broad mission of both protecting the United States from external threats (such as terrorists and other dangerous individuals, narcotics and other substances that can harm U.S. citizens, and counterfeit goods and other products that can undermine U.S. economic prosperity) and facilitating lawful trade and travel in ways that can help support and enhance the U.S. economy and the U.S. population. CBP's mission to protect national security while promoting economic prosperity includes the enforcement of the customs, immigration, and agriculture laws of the United States, as well as the enforcement of hundreds of other laws at the border on behalf of numerous federal agencies. OFO is the main component of CBP that is responsible for implementing these missions, as OFO is responsible for inspecting everything and everyone that seeks to enter the United States at any of the 328 ports of entry (POEs) across the country (e.g., all vehicles, conveyances, goods, people, plants, animals, food, medicine, merchandise, etc.), and determining whether that the admission of a person or entry of any goods complies with U.S. law. In Fiscal Year 2020, OFO processed over 237 million travelers through POEs. Therefore, OFO is the first line of defense against threats entering the nation and is primarily responsible for facilitating the free flow of travel and trade.

3. I am familiar with the Centers for Disease Control and Prevention (CDC) *Order Suspending Introduction of Certain Persons from Countries Where a Communicable Disease Exists* (Mar. 20, 2020) (CDC Order) and subsequent extensions and amendments, as well as CBP's role in assisting with implementing this Order.

4. I am familiar with the U.S. District Court for the District of Columbia's November 18, 2020 order (District Court Order) in *P.J.E.S. v. Wolf, et al.,* No. 1:20-cv-02245 (D.D.C. August 14, 2020), that, among other things, certified a class of unaccompanied noncitizen children who are or will be in U.S. government custody and would be expelled consistent with the CDC Order, generally discussed above. I also understand that the District Court Order enjoined CBP from "expelling the Class Members from the United States under the CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention under the authority granted by the Interim Final Rule, 85 Fed. Reg. 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01." I further understand that the District Court denied the government's request for a stay pending appeal. I submit this declaration to inform the court that OFO has expelled from the United States eight class members since the preliminary injunction was issued on November 18, 2020.[1] On December 8, 2020, the Acting Executive Director for Admissibility and Passenger Programs (APP) made me aware of these eight cases.

5. On November 18, 2020, OFO headquarters issued a memorandum and muster on the District Court's preliminary injunction to all Directors of Field Operations for distribution to all POEs in their area of responsibility. Both the memorandum and muster

[1] Included in the eight class members is a minor who was initially determined to be an unaccompanied minor subject to CDC Order and expelled under Title 42. Subsequently, the minor again arrived at a POE and was admitted as a U.S. citizen.

provided that operational procedures must be amended to immediately prohibit the expulsion of class members under Title 42. Additionally, both the memorandum and muster confirmed that all unaccompanied alien children (UACs) must be appropriately processed consistent with applicable law and policy.

6. Despite issuing the memorandum and muster to the field immediately following the District Court Order, from November 18, 2020 through December 10, 2020, OFO expelled from the United States eight class members, ranging in age from 12 to 17 years of age, one of whom was expelled twice during this time period. Four expulsions occurred through the San Ysidro POE, two occurred through the Otay Mesa POE, two occurred through the Buffalo-Niagara Falls POE, and one occurred through the Ysleta POE.

7. Within OFO headquarters, Systems Enforcement Analysis and Review (SEAR) division under the APP Directorate is tasked with reviewing land border admissibility cases for accuracy and completion. SEAR sent emails identifying the potential error in processing UACs under Title 42 to the relevant field offices on the following dates: November 20, 2020 1040 hours to San Diego Field Office, November 25, 2020 1359 hours to San Diego Field Office, November 30, 2020 1324 hours to San Diego Field Office, December 3, 2020 1053 hours to San Diego Field Office, and December 3, 2020 1143 hours to Buffalo Field Office. On December 4, 2020, the Acting Executive Director for APP communicated directly with the Acting Director of Field Operations for the San Diego Field Office, and separately with the Assistant Director of Field Operations for the Buffalo Field Office, to make them aware of the cases, request additional local research, and to reiterate the importance of compliance with the preliminary injunction.

8. Based on OFO's investigation thus far, a common thread for these expulsions appears to be that class members made a wrong turn and had no intention of entering the United States, or they were unable to establish identity and alienage to the inspecting officer. OFO is working to ensure that that no additional class members are expelled from the United States by evaluating additional means of supervisory review for any minor and person determined to be inadmissible to the United States, by employing appropriate systems enhancements to eliminate the ability for UACs to be expelled pursuant to Title 42, and exploring additional systems enhancements that will further ensure future compliance.

9. On December 8, 2020, I sent a message to the Directors of Field Operations reemphasizing the original memorandum and muster issued and distributed on November 18, 2020, in an effort to prevent any additional class members from being expelled under Title 42. OFO field offices disseminated the November 18, 2020 memorandum and muster, as well as the December 8, 2020 message to the field, verbally or in writing to their area of responsibility to ensure compliance with the court order.[2] In response to continued engagement from OFO Headquarters, OFO field offices provided additional periodic reminders related to this guidance, verbally or in writing, to their workforce and implemented additional supervisory approval requirements in order to further ensure compliance with the court order.

10. OFO headquarters has provided specific instruction to the field that any class member who was previously expelled should be immediately processed under Title 8 if re-encountered. Further, OFO has entered a lookout into the relevant systems of records

[2] All of the field offices disseminated the November 18, 2020 and December 8, 2020 guidance messages that same day, except the Tucson field office disseminated the December 8, 2020 guidance on December 9, 2020.

containing available biographical information of each class member expelled under Title 42 since November 18, 2020, to the extent they have not already been re-processed under Title 8. Should OFO encounter these class members again, an alert will appear in the system to notify the processing officer that the alien is a class member covered by the District Court Order who must be processed under Title 8.

11. Additionally, on December 11, 2020, OFO reached out to Mexican and Canadian authorities in an attempt to locate the class members expelled under Title 42 since the injunction was entered, in order to allow for them to present to a POE for Title 8 processing should they continue to seek admission to the United States.

12. As noted above, OFO's investigation into the circumstances surrounding non-compliance issues is ongoing. Accordingly, as OFO is actively continuing to develop facts, it is possible that OFO may identify new or additional information that may change the reporting described in this declaration in some way.

13. CBP, and specifically OFO, sincerely regrets these errors and fully understands the gravity of the circumstances and are committed to taking appropriate actions to redress these concerns.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief at the time of signature.

Executed this 11th day of December, 2020.

WILLIAM A FERRARA

Digitally signed by WILLIAM A FERRARA
Date: 2020.12.11 23:05:24 -05'00'

William A. Ferrara
Executive Assistant Commissioner
Office of Field Operations

U.S. Customs and Border Protection
U.S. Department of Homeland Security