IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CHAD WOLF, Acting Secretary of Homeland Security, et al.,<br><br>    Defendants. | Civil Docket No. 1:20-cv-02245-EGS |

## UNOPPOSED MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendants request entry of the attached proposed protective order to protect the personally identifiable information of Class Members. *See* Order Provisionally Certifying a Class and Granting Preliminary Injunction, ECF No. 79.

Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with Class Counsel regarding this motion, and Class Counsel indicated that they do not oppose this motion. The parties have come to an agreement on the terms described in the attached proposed protective order.

## BACKGROUND

In August 2020, Plaintiff brought a putative class action on behalf of a class of unaccompanied alien minors challenging an Order issued by the Centers for Disease Control and Prevention ("CDC") in March 2020 temporarily prohibiting the introduction into the United States of certain aliens traveling from Mexico and Canada. Briefing on Plaintiff's motions for class certification and a preliminary injunction and on Defendants' objections to the Magistrate Judge's subsequent Report and Recommendation concluded on October 14, 2020.

On November 18, 2020, this Court provisionally certified a class "consisting of all unaccompanied noncitizen children who (1) are or will be detained in U.S. government custody in

the United States, and (2) are or will be subjected to expulsion from the United States under the CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention under the authority granted by the Interim Final Rule, 85 Fed. Reg. 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01" ("Class Members").  Order at 1-2, ECF No. 79. Further, the Court ordered "that Defendants, their agents, and any person acting in concert with them are enjoined from expelling the Class Members from the United States under the CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention under the authority granted by the Interim Final Rule, 85 Fed. Reg. 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01."  Order at 2, ECF No. 79.

On December 11, 2020, Defendants notified the Court that the Department of Homeland Security ("DHS") had learned that certain class members in this litigation were expelled in contravention of the Court's preliminary injunction.  ECF No. 91.  Among other steps to remedy the situation, Defendants indicated that they had informed Class Counsel of the expulsions and would work with Class Counsel to help further remedy the situation.  Defendants plan to provide Class Counsel personally identifiable information of expelled Class Members who have not yet returned and reprocessed, so that Class Counsel may help facilitate those Class Members' return for reprocessing.

**ARGUMENT**

Defendants seek entry of a protective order to protect Class Members' privacy interests.[1] Courts routinely enter protective orders to place appropriate limits on the disclosure and use of personally identifiable information.  *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) ("[C]ourts have long 'recognized that interests in privacy may call for a measure of extra protection' . . . ." (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 1970 amendment)).  In addition, courts have "broad discretion . . . to decide when a protective order is

---

[1] The Privacy Act, 5 U.S.C.A. § 552a, *et seq.*, does not apply to records pertaining to persons who are not U.S. citizens or Lawful Permanent Residents.  *See* 5 U.S.C. § 552a(a)(2).

2

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, entry of a protective order is appropriate to protect the privacy interests of those class members who were expelled in contravention of the Court's preliminary injunction. The information sought to be protected includes the Class Members' name, citizenship, and date of birth, among other information. While the provision of the information to Class Counsel is necessary to help remediate the situation, disclosure of the information without a protective order can be expected to affect the privacy interests of the relevant Class Members. Accordingly, good cause exists for entry of the proposed protective order.

## CONCLUSION

For the foregoing reasons, the Court should enter the attached proposed Protective Order.

Dated: December 18, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Tanya Senanayake*
TANYA SENANAYAKE (DC Bar 1006218)
KEVIN SNELL (NY 5225669)
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.Lin@usdoj.gov
*Attorneys for Defendants*