IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHAD WOLF, Acting Secretary of Homeland Security, et al.,<br><br>                    Defendants. | Civil Docket No. 1:20-cv-02245-EGS |

**PROTECTIVE ORDER REGARDING
PERSONALLY IDENTIFIABLE INFORMATION AND OTHER SENSITIVE
INFORMATION RELATED TO CLASS MEMBERS**

**IT IS HEREBY ORDERED,** that this Order shall govern the use in the above-captioned action of any records, documents, and/or information that Defendants provide to Class Counsel to facilitate enforcement of the Court's preliminary injunction, issued on November 18, 2020, ECF No. 79, that may intrude upon the privacy interests of persons to whom such records, documents, and/or information pertain. This Order specifically concerns Protected Material involving certain Class Members who may have been expelled in contravention of the preliminary injunction. This Order shall protect such records, documents, and/or information from dissemination other than that specified below to protect privacy interests and other sensitive information. An order of this Court would also provide a basis for release of such records, documents, and/or information, to the extent that disclosure is prohibited by the Privacy Act, 5 U.S.C. § 552a. NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. <u>Definitions.</u>

    a. As used in this Protective Order, the term "Protected Materials" means:

1

       i. Certain government records, documents, and other information, including computerized or electronic information, that reflect personally identifiable information about a Class Member;

       ii. Identifying or other personal information regarding any person that would be protected or restricted from disclosure by statute or regulation, but disclosure of which may be authorized by an order of this Court; or

       iii. Information that is otherwise protected from disclosure under any applicable law or regulation.

    b. For purposes of this Protective Order, the term "record" shall mean any item, collection, or grouping of information pertaining to a Class Member that is maintained by Defendants.

2. Defendants are hereby authorized to release Protected Materials to Class Counsel in the subject action.

3. Protected Materials, any copies thereof, and any and all the information contained therein, shall be distributed to, and used by, only those individuals listed in paragraph 4 of this Order for the sole purpose of assisting with the enforcement of the Court's preliminary injunction, ECF No. 79, and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order by the Court.

4. Protected Materials, and any copies thereof, and the information contained therein, may be disclosed only to:

    a. Class Counsel and persons assisting Class Counsel for the sole purpose of facilitating compliance with this Court's Order, ECF No. 79, including (but not limited to), nonprofit organizations, lawyers, faith-based groups, shelters,

or other organizations or individuals who may be able to assist in facilitating compliance;[1] and

b. the Court.

5. All Protected Materials made available to Class Counsel, and any copies thereof, and the information contained therein, must be stored in a secure manner by Class Counsel.

6. Defendants' failure to designate any materials as Protected Materials shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order. No party shall be in violation of this Order for the disclosure of a record, document, or information contained therein if such disclosure is made prior to the marking of such document, record, or information as Protected Materials. If such disclosure is made, the parties and all individuals to whom the disclosure was made shall treat the record, document, and/or the information contained therein as subject to this Protective Order from the date of its designation as Protected Material forward. Class Counsel and any persons within their employ shall destroy any and all Protected Materials and copies thereof in their possession upon termination of this litigation, or when they are no longer assigned or retained to work on this litigation, whichever comes earlier.

7. Any document created by Class Counsel which contains or reflects Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated.

8. At the request of Defendants, Class Counsel shall certify to the destruction of all such documents, as referenced in paragraphs 6 and 7, within thirty (30) days of the termination of this litigation, and/or receipt of the request, whichever is later.

9. Notwithstanding Paragraphs 6-8, counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence;

---

[1] The persons assisting Class Counsel for the purpose of facilitating compliance with this Court's Order, as described in this paragraph, shall execute Exhibit A, the Acknowledgment and Agreement, when receiving Protected Material.

deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material, provided that such material is and remains clearly marked to reflect that it contains Protected Material, and such counsel maintain the confidential nature of the Protected Material, as set forth in this Order.

10.     Nothing in this Protective Order affects the right of Class Counsel to discuss with a Class Member and relatives of that Class Member any information contained in that Class Member's Protected Materials.  Class Counsel may also disclose Protected Material concerning a Class Member to any lawyer retained by that Class Member.

**SO ORDERED.**

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED MATERIAL

1. My full name is _____.
2. I am employed as _____ by _____, which is located at _____[address]. My office's telephone number is _____.
3. I have read the Stipulated Protective Order entered in *P.J.E.S. v. Wolf*, Case No. 20-2245-EGS-GMH, pending in the District of the District of Columbia. A copy of the Protective Order has been provided to me.
4. I agree to be bound by the terms of the Stipulated Protected Order, and agree that I will use any Protected Material, as defined in the Protective Order, to facilitate the enforcement of the Court's preliminary injunction in connection with the above-referenced litigation.
5. I agree that I will not disclose or discuss Protected Material so designated with anyone other than the persons described in Paragraph 4 of the Stipulated Protective Order.
6. I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.
7. I agree to be subject in personam to jurisdiction in the District of Columbia in connection with any proceeding related to the enforcement of the Stipulated Protective Order.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct. Signed at _____[city/state].

Date:                                                                              _____