IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>CHAD WOLF, Acting Secretary of Homeland Security, et al.,<br><br>          Defendants. | Civil Docket No. 1:20-cv-02245-EGS |

**DEFENDANTS' NOTICE TO THE COURT**

Defendants respectfully submit this Notice to supplement their prior representation to the Court concerning the approximately 32 Guatemalan class members who were returned to Guatemala by a government flight that took off minutes after this Court issued the preliminary injunction on November 18, 2020 in this case. *See* Notice to the Court ("Dec. 2 Notice"), ECF No. 89; Declaration of Jeffrey D. Lynch, ECF No. 89-1. As explained below, Defendants are committed to facilitate the return of those 32 class members to the United States and to process them under Title 8, to the extent those class members desire to return to the United States.

1. Plaintiff brought a putative class action on behalf of a class of unaccompanied noncitizen children challenging an Order issued by the Centers for Disease Control and Prevention ("CDC") in March 2020 temporarily prohibiting the introduction into the United States of certain aliens traveling from Mexico and Canada ("Title 42 Process").

2. On November 18, 2020, this Court provisionally certified a class "consisting of all unaccompanied noncitizen children who (1) are or will be detained in U.S. government custody in the United States, and (2) are or will be subjected to expulsion from the United States under the

CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention under the authority granted by the Interim Final Rule, 85 Fed. Reg. 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01." Order at 1-2, ECF No. 79.  The Court further ordered that "Defendants, their agents, and any person acting in concert with them are enjoined from expelling the Class Members from the United States under the CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention under the authority granted by the Interim Final Rule, 85 Fed. Reg. 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01." Order at 2.

3. As Defendants previously informed the Court in their December 2, 2020 Notice to the Court, approximately ten minutes after the Court issued the preliminary injunction and 14 minutes before the Department of Justice informed the Office of the General Counsel, U.S. Department of Homeland Security ("DHS"), of the injunction, a flight departed the United States for Guatemala, carrying 32 noncitizen minors who were being expelled pursuant to the Title 42 Process. *See* Dec. 2 Notice, ¶¶ 3–4, 7.[1]

4. Defendants' December 2 Notice and the supporting declaration of Jeffrey D. Lynch, the then Deputy Assistant Director for the International Operations Division, Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement ("ICE"), indicated that the 32 minors were transferred to Guatemalan officials within approximately fifteen minutes of arrival, and that at the time of the transfer, neither the ICE personnel on the flight, nor those on the ground in Guatemala City, were aware of the injunction. Dec. 2 Notice, ¶ 7; Lynch Decl. ¶ 7. Defendants further indicated that ICE personnel on the ground in Guatemala were informed of the injunction at approximately 1:09 p.m. EST, and that shortly before 5:00 p.m. EST, they were informed by ERO headquarters of DHS's determination that the minors should not be returned to the United States on the return flight. Dec. 2 Notice, ¶ 8; Lynch Decl. ¶¶ 8, 11.

---

[1] Although 35 individuals were initially believed to be minors, the Guatemalan government later identified three of them as adults. Dec. 2 Notice, ¶¶ 4, 7

5.      On the evening of January 14, 2021, class counsel alerted undersigned counsel of a report prepared by Guatemala's Ombudsman for Human Rights, an independent commissioner of the Congress of the Republic of Guatemala,[2] which recounts a version of the events on November 18, 2020.  *See generally* Ombudsman's Report, attached as Exhibits 1 (Spanish) and 2 (English).

6.      According to the Ombudsman's report, after the transfer of custody of the 32 minors to Guatemalan officials, ICE obtained the Guatemalan officials' consent to return the minors to the United States and the children accordingly boarded the same plane that had brought them before ultimately being taken off the plane again.  Ombudsman's Report at 1, 3.

7.      Upon learning that Guatemalan officials had consented to the children's return and that the children had re-boarded the plane, undersigned counsel took immediate steps to confirm the accuracy of those facts with ICE.  As explained in the attached declaration of Evan C. Katz, Deputy Assistant Director for the Removal Management Division (RMD) within ICE ERO, the Guatemalan government did agree to allow those minors wishing to return to the United States to do so, should it be determined that such return was required by the Court's preliminary injunction. Katz Decl. ¶¶ 13, 16.  Of the 32 minors, 28 boarded the plane again at approximately 4:55 pm EST because the remaining four minors had tested positive for COVID-19 and were taken by Guatemalan officials to be quarantined,.  *Id.* ¶¶ 20, 21.  A few minutes later, ERO leadership instructed ICE not to bring the minors back to the United States.  *Id.* ¶ 22; *see also* Lynch Decl. ¶ 11.

8.      As indicated in the Katz declaration, Mr. Lynch apparently did not believe that the additional details were relevant because the focus on November 18, 2020 was whether to return the unaccompanied minors to the United States.  Katz Decl. ¶ 35.  Thus, despite having meticulously discussed the Lynch declaration line by line with the declarant and numerous attorneys from DHS including ICE, undersigned counsel did not know that ICE had obtained the Guatemalan officials' consent to return the minors to the United States or that 28 of those minors

---

[2] *See* https://www.pdh.org.gt/.

had boarded the plane again.  Undersigned counsel understood only that after the initial transfer of custody to the Guatemalan government and before ICE personnel on the ground were informed of DHS's decision that the minors should not be returned to the United States on the return flight, at approximately 1:58 pm EST, ERO obtained the contact information for the adults to whom the minors were ultimately released in Guatemala.  *See* Lynch Decl. ¶ 10.  Undersigned counsel had no intention of misleading the Court and deeply regret the omission.

9. Defendants acknowledge that the expulsion flight was in contravention of the Court's injunction.  As indicated in the Katz declaration, DHS is committed to remedy the situation and will take immediate steps to begin to facilitate the return of all 32 unaccompanied minors discussed herein, including covering the cost of their flight to the United States, upon confirmation that they would like to return to the United States to be processed under Title 8.  Katz Decl. ¶ 36.

10. On January 18, 2021, undersigned counsel conferred with class counsel about DHS's commitment to facilitate the voluntary return of the 32 class members.  DHS will work with class counsel to facilitate that process.  Undersigned counsel sincerely regret that this process was not undertaken sooner.

Dated:  January 19, 2021                              Respectfully submitted,

JOHN V. COGHLAN
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

/s/ *Jean Lin*
JEAN LIN (NY 4074530)
Special Litigation Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.Lin@usdoj.gov
*Attorneys for Defendants*