IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>    Defendants. | Civil Docket No. 1:20-cv-02245-EGS-GMH |

## JOINT STATUS REPORT

Pursuant to this Court's January 22, 2021 Minute Order, the parties respectfully submit this Joint Status Report to "address[] the government's compliance with the [Court's November 18, 2020] injunction in general and, more specifically, [to] updat[e] the Court on the situation regarding the 32 minors returned to Guatemala in apparent contravention of that injunction."

### BACKGROUND

On November 18, 2020, this Court entered a preliminary injunction in this case, enjoining the expulsion of class members from the United States pursuant to the Centers for Disease Control and Prevention ("CDC") Order challenged in this case. *See* ECF Nos. 79, 80. The Government appealed that injunction and sought a stay of the injunction pending appeal. On Friday, January 29, 2021, the United States Court of Appeals for the District of Columbia Circuit granted the requested stay and ordered expedited briefing. Order, *P.J.E.S. v. Mayorkas, et al.*, No. 20-5357 (D.C. Cir. Jan. 29, 2021), Doc. No. 1882899.

Despite the D.C. Circuit's stay of the preliminary injunction, since on or about January 30, 2021, the Government has temporarily paused the expulsion of class members under the CDC Order while the CDC reassesses its Order based on the most current information regarding the

1

COVID-19 pandemic, as well as the situation at the Nation's borders.  *See* CDC Notice of Temporary Exception from Expulsion of Unaccompanied Noncitizen Children Encountered in the United States Pending Forthcoming Public Health Determination, https://www.cdc.gov/coronavirus/2019-ncov/more/pdf/CDCPauseNotice-ExceptfromExpulsion.pdf.[1]

While this Court's injunction was in place from November 18, 2020, to January 29, 2021, U.S. Customs and Border Protection ("CBP") recorded more than 72,000 encounters at or near the southwest border in November 2020; nearly 74,000 encounters in December 2020; and approximately 78,000 encounters in January 2021.  *See* https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters.  During this time, Defendants notified the Court that approximately 70 noncitizen children were expelled in contravention of the injunction, inclusive of the 32 individuals on the Government's November 18, 2020 flight to Guatemala.[2]  *See* Notices to the Court, ECF Nos. 89, 91, 96, 97.

## I.   GENERAL COMPLIANCE EFFORTS BY DEFENDANTS

Defendants are committed to remedying any expulsions that occurred in contravention of this Court's preliminary injunction.  Counsel for Defendants have informed Class Counsel of such expulsions, and the parties have continued to work to remedy the situation.

---

[1]   On February 2, 2021, President Biden issued an Executive Order directing the Secretary of the U.S. Department of Health and Human Services and the Director of the CDC, in consultation with the Secretary of Homeland Security, to "promptly review and determine whether termination, rescission, or modification of" the CDC Order and the Final Rule is "necessary and appropriate."  *See* Executive Order on Creating a Comprehensive Regional Framework to Address the Causes of Migration, https://www.whitehouse.gov/briefing-room/presidential-actions/2021/02/02/executive-order-on-creating-a-comprehensive-regional-framework-to-address-the-causes-of-migration-to-manage-migration-throughout-north-and-central-america-and-to-provide-safe-and-orderly-processing/.

[2]   Defendants' initial reporting of expelled noncitizen children included a few individuals who were expelled pursuant to the CDC Order after those individuals unintentionally crossed the border into the United States.  *See* Notice to the Court, ECF No. 91; Declaration of William A. Ferrara, ECF No. 91-2, ¶ 8.  That is, CBP was informed, either at the time of the encounter or upon contacting the parents of the noncitizen children involved, that the noncitizen children did not intend to cross the border but had taken a "wrong turn" into United States.  Defendants did not subsequently include a few additional instances of such expulsions in its accounting of expelled class members.

CBP previously outlined various steps that it has taken to comply with the Court's injunction and to remedy expulsions in contravention of that order.  *See* Declaration of Rodney S. Scott ("Scott Decl."), ECF No. 91-1; Declaration of William A. Ferrara ("Ferrara Decl.), ECF No. 91-2.  For example, to facilitate the re-processing of noncitizen children who have not been reencountered after they were expelled in contravention of the injunction, and in addition to soliciting the assistance of Class Counsel, CBP took steps to contact expelled class members and placed an alert into its processing system to help ensure that these minors are not expelled but instead are re-processed under Title 8 should they be encountered again.  Scott Decl. ¶¶ 11-12; Ferrara Decl. ¶¶ 10-11.  Additionally, when CBP has reencountered noncitizen children who were expelled in contravention of the injunction, CBP has re-processed those individuals under Title 8.  *See* ECF No. 91 ¶ 3 (noting that Defendants have re-processed under Title 8 noncitizen children who were re-encountered after expulsion in contravention of the injunction); ECF No. 96, ¶ 4 (same).

Further, as CBP previously explained, while the injunction was in effect, U.S. Border Patrol instituted sector-level monitoring protocols to ensure compliance with the preliminary injunction.  Scott Decl. ¶ 9.  For instance, U.S. Border Patrol required that each minor in the Rio Grande Valley Sector be transported to a central location for examination by a second-line supervisor, and, in the El Paso Sector, U.S. Border Patrol required that every individual under 18 be taken to the closest station to be examined by a second-line supervisor.  Scott Decl. ¶ 10.  U.S. Border Patrol instituted similar measures in other sectors, including multiple levels of review with regard to the disposition of minors.[3]  Finally, although CBP previously had represented to the Court that it was working with its Office of Information Technology to add a warning message to U.S. Border Patrol's processing database/system of record by the end of the calendar year to help ensure compliance with the injunction, Scott Decl. ¶ 11, installation took longer than U.S. Border

---

[3]  Currently, despite the stay of the preliminary injunction, CBP continues to require the concurrence of the Patrol Agent in Charge prior to the final disposition of any noncitizen child.  CBP also continues to track encounters with potential class members and their expulsions through various reports.

Patrol initially anticipated. Despite the stay of the injunction, U.S. Border Patrol still intends to install a similar warning by the end of March 2021.

Counsel for Defendants has provided Class Counsel with lists of Class Members who were expelled in contravention of the Court's preliminary injunction. Plaintiff has distributed those lists to legal services providers and advocates pursuant to the protective order in this case, in an effort to find such children. Plaintiff has asked Defendants for certain pieces of additional information concerning the expelled children, which Class Counsel believes would facilitate Plaintiff's efforts. The Parties continue to meet and confer concerning Plaintiff's requests, and may bring some of those disputes to the Court's attention should they not be resolved.

## II.     COMPLIANCE EFFORTS CONCERNING THE NOVEMBER 18, 2020 FLIGHT TO GUATEMALA

Defendants previously have notified the Court that 32 Guatemalan class members were returned to Guatemala by a Government flight that took off minutes after this Court issued the preliminary injunction on November 18, 2020 in this case. *See* Notice to the Court, ECF No. 89; Declaration of Jeffrey D. Lynch, ECF No. 89-1; Notice to the Court, ECF No. 97; Declaration of Evan C. Katz, ECF No. 97-3.

As Defendants previously have explained, DHS is committed to remedy the situation and has taken steps to begin to facilitate the return of all 32 unaccompanied noncitizen children, including covering the cost of their flights to the United States, upon confirmation that they would like to return to the United States to be processed under Title 8. ECF No. 97. The parties have conferred about the best approach to contact the families of those expelled noncitizen children. Class Counsel had proposed that the Guatemalan government be responsible for making contact with these families. The U.S. Government has since contacted the Guatemalan government to request its assistance. In response, the Guatemalan government required that the United States engage in a formal diplomatic process for such assistance. Accordingly, the Government is currently engaged in that diplomatic process and is fully committed to ensuring that this process be completed efficiently. Once the Guatemalan government determines which of the 32 noncitizen

children wish to return to the United States, Defendants will arrange for their return and will re-process them under Title 8.

Class Counsel has requested that Defendants provide them with regular updates on this process.

February 19, 2021

Respectfully submitted,

                          BRIAN BOYNTON
                          Acting Assistant Attorney General

                          JENNIFER D. RICKETTS
                          Director, Federal Programs Branch

                          /s/ *Jean Lin*
                          JEAN LIN
                          Special Litigation Counsel
                          Federal Programs Branch
                          Civil Division, Department of Justice
                          1100 L Street, N.W.
                          Washington, D.C. 20005
                          (202) 514-3716
                          Jean.Lin@usdoj.gov

                          *Attorneys for Defendants*

                          /s/ *Lee Gelernt*
                          Lee Gelernt*
                          Daniel A. Galindo*
                          Celso J. Perez (D.C. Bar No. 1034959)
                          Omar Jadwat*
                          Ming Cheung*
                          American Civil Liberties Union Foundation,
                          Immigrants' Rights Project
                          125 Broad Street, 18th Floor
                          New York, NY 10004
                          Tel: (212) 549-2600

                          *Attorneys for Plaintiff*

                          *Admitted pro hac vice