IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>　　　　　　　Defendants. | Civil Docket No. 1:20-cv-02245-EGS-GMH |

**JOINT STATUS REPORT**

　　　　Plaintiff and Defendants, by and through undersigned counsel, jointly provide this status report pursuant to this Court's February 22, 2022 Order:

　　　　1.　　On November 18, 2020, this Court entered a preliminary injunction in this case, enjoining the expulsion of class members pursuant to the Centers for Disease Control and Prevention ("CDC") Order challenged in this case. *See* Order, ECF Nos. 79, 80. The government appealed that injunction and sought a stay of the injunction pending appeal. On Friday, January 29, 2021, the United States Court of Appeals for the District of Columbia Circuit granted a stay pending appeal of this Court's decision and issued an expedited briefing schedule. Order, *P.J.E.S. v. Mayorkas, et al.*, No. 20-5357 (D.C. Cir. Jan. 29, 2021), Doc. No. 1882899.

　　　　2.　　On February 11, 2021, the CDC Director issued a notice stating that CDC had temporarily excepted from expulsion unaccompanied noncitizen children encountered in the United States "pending the outcome of [the agency's] forthcoming public health reassessment" of the Title 42 policy. *See* CDC, Notice of Temporary Exception From Expulsion of Unaccompanied Noncitizen Children Encountered in the United States Pending Forthcoming

1

Public Health Determination (Feb. 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/more/pdf/CDCPauseNotice-ExceptfromExpulsion.pdf.

3.  The parties then moved to hold the proceedings in the Court of Appeals and in this Court in abeyance while they explored whether it may be possible to resolve or narrow the dispute at issue in this case. *See* ECF Nos. 106, 108. The D.C. Circuit granted the abeyance motion, Order, *P.J.E.S. v. Mayorkas, et al.*, No. 20-5357 (D.C. Cir. Mar. 2, 2021), Doc. No. 1887945, and this Court similarly granted the parties' abeyance requests, *see* Feb. 24, 2021 Minute Order; Mar. 24, 2021 Order, ECF No. 109; May 25, 2021 Order, ECF No. 118; June 23, 2021 Order, ECF No. 120; July 26, 2021 Order, ECF No. 122; Aug. 24, 2021 Order, ECF No. 125; Oct. 22, 2021 Order, ECF No. 128.

4.  On July 16, 2021, the CDC issued an order "except[ing] unaccompanied noncitizen children . . . from the [CDC's] October [13, 2020] Order."[1] The CDC explained that the July 16 Order "supersede[s]" the notice issued on February 11, 2021.[2] On August 2, the CDC issued another order that supersedes the October 13, 2020 Order, which is the order Plaintiffs challenge in this case.[3] The July 16 Order was "made a part of [the August 2 Order] and incorporated by reference as if fully set forth" in the August 2 Order.[4]

5.  In their October 22 and December 21, 2021 Joint Status Reports, the parties agreed that continuing the abeyance was the most reasonable and efficient course of action as

---

[1] *See* Order Under Sections 362 & 365 of the Public Health Service Act (42 U.S.C. 265, 268) and 42 CFR 71.40; Public Health Determination Regarding an Exception for Unaccompanied Noncitizen Children From the Order Suspending the Right to Introduce Certain Persons From Countries Where a Quarantinable Communicable Disease Exists, 86 Fed. Reg. 38717, 38718 (July 22, 2021).

[2] *Id.* at 38720.

[3] Public Health Reassessment and Order Suspending the Right To Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists, 86 Fed. Reg. 42828 (Aug. 5, 2021).

[4] *Id.* at 42829 n.5.

they discuss the implications of the July 16 and August 2 Orders on this case.  ECF Nos. 127, 130.  In their December 21, 2021 Joint Status Report, the parties also suggested that they file a further joint status report on or before February 21, 2022, ECF No. 130, and this Court ordered the parties do so.  *See* Dec. 21, 2021 Order, ECF No. 131.

6. On February 18, 2022, the parties reported that they remained in the process of conferring about further proceedings in this case and about certain prior compliance issues, and that they agreed that continuing the abeyance is appropriate.  ECF No. 134.  Although the parties have made progress, they remain of the view that continuing the abeyance is still appropriate.

7. Accordingly, the parties respectfully suggest that they file a further a joint status report on or before June 22, 2022.  A proposed order is attached.

Dated: April 22, 2022                              Respectfully submitted,


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Jonathan Kossak*
JONATHAN KOSSAK
Trial Attorney (D.C. Bar # 991478)
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-0612
Jonathan.kossak@usdoj.gov

*Attorneys for Defendants*

/s/ *Lee Gelernt*
Lee Gelernt*
Daniel A. Galindo*
Omar Jadwat*
Ming Cheung*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

*Attorneys for Plaintiff*

*Admitted pro hac vice

4