UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,

Plaintiff,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,

Defendants.

Civil Docket No. 1:20-cv-02245-EGS-GMH

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AS MOOT OR, IN THE ALTERNATIVE, TO VACATE THE COURT'S PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 2

A. CDC'S Initial Title 42 Orders .......... 2

B. Plaintiff's Complaint and the Court's Preliminary Injunction .......... 3

C. Appeal, Stay of Preliminary Injunction, and Abeyance .......... 3

D. CDC's Temporary Pause and Final Termination of its Application of Title 42 Order to Unaccompanied Noncitizen Children .......... 4

E. Resolution of 32 Guatemalan Unaccompanied Children Expelled in November 2020 .......... 5

F. The Government's Motion to Terminate the Abeyance in the D.C. Circuit and the D.C. Circuit's Remand Order .......... 6

G. This Court's Decision Vacating 42 C.F.R. § 71.40 and all Title 42 Orders Issued Thereunder .......... 6

ARGUMENT .......... 7

I. This Case Is Moot .......... 7

II. In the Alternative, the Court Should Vacate the Preliminary Injunction .......... 11

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

## CASES

*21st Century Telesis Joint Venture v. FCC*,
318 F.3d 192 (D.C. Cir. 2003) ....................7

*Akiachak Native Cmty. v. Dep't of Interior*,
827 F.3d 100 (D.C. Cir. 2016) .................... 9, 10

*Alaska v. Dep't of Agric.*,
17 F.4th 1224 (D.C. Cir. 2021) ....................9

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) .................... 1, 7

*Alvarez v. Smith*,
558 U.S. 87 (2009) ....................10

*Am. Freedom Def. Initiative v. Metro. Transp. Auth.*,
109 F. Supp. 3d 626 (S.D.N.Y. 2015) ....................12

*Chamber of Commerce v. EPA*,
642 F.3d 192 (D.C. Cir. 2011) .................... 7, 10

*Church of Scientology of Cal. v. United States*,
506 U.S. 9 (1992) ....................8

*Citizens for Resp. & Ethics in Washington v. Wheeler*,
352 F. Supp. 3d 1 (D.D.C. 2019) ....................9

*Comcast Corp. v. FCC*,
526 F.3d 763 (D.C. Cir. 2008) ....................11

*Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*,
412 F.2d 165 (D.C. Cir. 1969) ....................11

*Doe 2 v. Shanahan*,
755 F. App'x 19 (D.C. Cir. 2019) ....................12

*Freeport-McMoRan Oil & Gas Co. v. FERC*,
962 F.2d 45 (D.C. Cir. 1992) ....................9

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013) ....................7

*Guedes v. ATF*,
920 F.3d 1 (D.C. Cir. 2019) ....................9

*Hudson v. AFGE*,
281 F. Supp. 3d 11 (D.D.C. 2017) ....................12

*Huisha-Huisha v. Mayorkas*,
27 F.4th 718 (D.C. Cir. 2022) ....................4

*Huisha-Huisha v. Mayorkas*,
No. CV 21-100 (EGS), 2022 WL 16948610 (D.D.C. Nov. 15, 2022)....................*passim*

*In re Al-Nashiri*,
47 F.4th 820 (D.C. Cir. 2022) ....................10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................8

*Nken v. Holder*,
556 U.S. 418 (2009) ....................12

*NRDC v. NRC*,
680 F.2d 810 (D.C. Cir. 1982) ....................8

*P.J.E.S. v. Wolf*,
502 F. Supp. 3d 492 (D.D.C. 2020) ....................3

*Petties ex rel. Martin v. District of Columbia*,
662 F.3d 564 (D.C. Cir. 2011) ....................12

*Planned Parenthood of Wisconsin, Inc. v. Azar*,
942 F.3d 512 (D.C. Cir. 2019) ....................8

*Potomac Riverkeeper, Inc. v. Wheeler*,
381 F. Supp. 3d 1 (D.D.C. 2019) ....................11

*Raines v. Byrd*,
521 U.S. 811 (1997) ....................7

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)....................8

*Trump v. Int'l Refugee Assistance Project*,
137 S. Ct. 2080 (2017)....................12

*Venezia v. Robinson*,
16 F.3d 209 (7th Cir. 1994) ....................11

**STATUTES**

42 U.S.C. § 265 .................... 2, 4

**RULES**

Fed. R. Civ. P. 12 .......... 1, 7

Fed. R. Civ. P. 60 .......... 6, 12

**REGULATIONS**

42 C.F.R. § 71.40 .......... 2, 6, 7

85 Fed. Reg. 16,559 (Mar. 24, 2020) .......... 2

85 Fed. Reg. 17,060 (Mar. 26, 2020) .......... 2

85 Fed. Reg. 22,422 (Apr. 22, 2020) .......... 2

85 Fed. Reg. 31,503 (May 26, 2020) .......... 2

85 Fed. Reg. 56,424 (Sept. 11, 2020) .......... 2

85 Fed. Reg. 65,806 (Oct. 16, 2020) .......... 2

86 Fed. Reg. 8267 (Feb. 2, 2021) .......... 4

86 Fed. Reg. 9942 (Feb. 11, 2021) .......... 4

86 Fed. Reg. 38,717 (July 22, 2021) .......... 4

86 Fed. Reg. 42,828 (Aug. 5, 2021) .......... 4, 9

87 Fed. Reg. 15,243 (Mar. 17, 2022) .......... 5

87 Fed. Reg. 19,941 (Apr. 6, 2022) .......... 5, 9

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, 11A *Federal Practice and Procedure* § 2947 (3d ed. Oct. 20, 2022 update) .......... 11

# INTRODUCTION

Plaintiff brought this action for declaratory and injunctive relief on behalf of himself and a class of unaccompanied noncitizen children to challenge CDC's exercise of Title 42 authority as to unaccompanied children. At the time Plaintiff filed the complaint in August 2020, CDC had issued a series of orders under its Title 42 authority suspending the right to introduce into the United States certain noncitizens, including unaccompanied children. This Court certified a class and issued a preliminary injunction in November 2020. Since that time, however, CDC has excepted unaccompanied children from its Title 42 orders. In January 2021, CDC temporarily excepted unaccompanied children from its then operative Title 42 order pending a public health reassessment. After conducting that reassessment, in July 2021, CDC issued an order excepting unaccompanied children from the Title 42 order, which exception was then incorporated by reference into the currently operative Title 42 order issued in August 2021. And in March 2022, CDC issued an order terminating all of its prior suspension orders insofar as they applied to unaccompanied children.

This case is therefore indisputably moot. Because the challenged Title 42 orders no longer apply to Plaintiff or the class, the Court cannot grant effective relief to Plaintiff or the class. Nor can Plaintiff assert any ongoing injury that is traceable to Defendants' conduct and redressable by a decision from this Court. The parties' former dispute "is no longer embedded in any actual controversy about the plaintiff's particular legal rights." *Already, LLC v. Nike*, *Inc.*, 568 U.S. 85, 91 (2013). Indeed, in a separate case, this Court has already vacated and set aside not only all Title 42 suspensions orders but also the regulation pursuant to which the orders were issued. Thus, any decision addressing the lawfulness of Title 42's hypothetical future application to unaccompanied children now would amount to an advisory opinion. The Court should therefore dismiss this case as moot under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Alternatively, should this Court deny the motion to dismiss, it should dissolve the preliminary injunction due to the absence of any continuing likelihood of irreparable harm to Plaintiff or the class.

## BACKGROUND

### A. CDC'S Initial Title 42 Orders

Congress authorized the Secretary of Health and Human Services ("HHS") to "prohibit . . . the introduction of persons" into the United States to "avert" the "serious danger of the introduction of" a "communicable disease," "[w]henever the [Secretary] determines that" "a suspension of the right to introduce such persons" is "required in the interest of the public health." 42 U.S.C. § 265.

In March 2020, in light of the unprecedented COVID-19 global pandemic, HHS and CDC issued an interim final rule under Section 265 to provide a procedure for the CDC Director to temporarily suspend the introduction of certain persons into the United States. 85 Fed. Reg. 16,559 (Mar. 24, 2020). The CDC Director simultaneously issued an order temporarily suspending the right to introduce certain noncitizens traveling from Canada and Mexico into the United States. 85 Fed. Reg. 17,060 (Mar. 26, 2020). The order applied to covered noncitizens, defined as persons "traveling from Canada or Mexico (regardless of their country of origin) who would otherwise be introduced into a congregate setting" in a port of entry or a U.S. Border Patrol station at or near the border—typically noncitizens who lack valid travel documents. *Id.* at 17,061. The March 2020 order was extended in April, 85 Fed. Reg. 22,424 (Apr. 20, 2020), and extended and amended in May 2020, 85 Fed. Reg. 31,503 (May 26, 2020).

In September 2020, HHS and CDC issued a final rule permitting the CDC Director to "prohibit, in whole or in part, the introduction into the United States of persons from designated foreign countries" "for such period of time that the Director deems necessary to avert the serious danger of the introduction of a quarantinable communicable disease." 85 Fed. Reg. at 56,425 (Sept. 11, 2020) (codified at 42 C.F.R. § 71.40). Pursuant to the final rule, the CDC Director issued a new order in October 2020 that similarly suspended the introduction of all covered noncitizens into the United States, subject to certain exceptions, until he determined that "the danger of further introduction of COVID-19 into the United States has ceased to be a serious danger to the public health," based on recurring 30-day reviews by CDC. 85 Fed. Reg. 65,806, 65,807-08 (Oct. 16, 2020). This order was in effect when Plaintiff instituted this suit.

**B. Plaintiff's Complaint and the Court's Preliminary Injunction**

Plaintiff is a citizen of Guatemala who was encountered by U.S. Border Patrol in August 2020 after illegally crossing the U.S.-Mexico border into the United States at the age of sixteen. *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 505 (D.D.C. 2020); Compl. ¶ 3. The Department of Homeland Security ("DHS") determined that Plaintiff was a covered noncitizen subject to expulsion under the CDC order. Plaintiff brought a class action lawsuit on behalf of himself and other similarly situated unaccompanied children, alleging that application of the "Title 42 Process" to class members is contrary to various statutes and the Administrative Procedure Act. Compl. ¶ 1. On the day of the filing of the Complaint, Plaintiff was excepted from the Title 42 order and processed under the immigration authorities in Title 8 of the U.S. Code. *See* ECF No. 15-1 at 11.

Thereafter, the Court provisionally certified a class "consisting of all unaccompanied noncitizen children who (1) are or will be detained in U.S. government custody in the United States, and (2) are or will be subjected to expulsion from the United States under the CDC Order Process, whether pursuant to an Order issued by [the CDC Director] under the authority granted by the Interim Final Rule … or the Final Rule." ECF No. 79 at 1–2. The Court also issued a class-wide preliminary injunction, finding that Section 265 likely does not authorize the government to expel noncitizens once they have crossed the border into the United States. *P.J.E.S.*, 502 F. Supp. 3d at 511. The Court concluded that the remaining preliminary injunction factors weighed in favor of Plaintiff and the class, *id.* at 516–20, and enjoined the government from expelling class members from the United States under the Title 42 authority, *id.* at 520.

**C. Appeal, Stay of Preliminary Injunction, and Abeyance**

The government appealed and moved for a stay of the preliminary injunction pending appeal, which the D.C. Circuit granted on January 29, 2021. *See* Order, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Jan. 29, 2021), Doc. No. 1882899. Because CDC thereafter temporarily paused the application of the Title 42 order to unaccompanied children, the parties jointly moved to hold the briefing schedule in the Court of Appeals in abeyance, which the D.C. Circuit granted on March 2, 2021. *See* Order, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Mar. 2, 2021), Doc. No. 1887945.

While this case was held in abeyance, the D.C. Circuit issued its decision in *Huisha-Huisha v. Mayorkas*, 27 F.4th 718 (D.C. Cir. 2022), which concerned CDC's Title 42 authority to expel covered families that have crossed the border into the United States. The Court of Appeals held that Section 265 likely authorizes such expulsions but that such expulsions may not be to places where the noncitizens likely will be persecuted or tortured. *Id.* at 722, 732.

**D. CDC's Temporary Pause and Final Termination of its Application of Title 42 Order to Unaccompanied Noncitizen Children**

Despite the D.C. Circuit's stay of this Court's injunction, on February 11, 2021, CDC issued a notice stating that on or about January 30, 2021, it had "exercised its discretion to temporarily except from expulsion unaccompanied noncitizen children encountered in the United States" pending its forthcoming public health reassessment of the then operative Title 42 order issued in October 2020. 86 Fed. Reg. 9,942 (Feb. 17, 2022). In early February, the President had also issued an Executive Order directing "[t]he Secretary of HHS and the Director of CDC, in consultation with the Secretary of Homeland Security, [to] promptly review and determine whether termination, rescission, or modification of the [the CDC Order and Final Rule] is necessary and appropriate." 86 Fed. Reg. 8,267 (Feb. 2, 2021). In issuing the February notice pausing the expulsion of unaccompanied children, CDC explained that the COVID-19 pandemic continued to be a highly dynamic public-health emergency, and that it was in the process of reassessing the overall public-health risk at the borders and the Title 42 Order based on the most current information regarding the COVID-19 pandemic. 86 Fed. Reg. 9,942.

On July 19, 2021, following a public health reassessment as it relates to unaccompanied children, CDC issued an order "except[ing] unaccompanied noncitizen children . . . from [CDC's] October [2020] Order" and "supersed[ing]" the February notice. 86 Fed. Reg. 38,717, 38,718, 38,720 (July 22, 2021). On August 2, 2021, CDC also issued a new Title 42 order that superseded the October 2020 order. 86 Fed. Reg. 42,828 (Aug. 5, 2021). The July 16 order regarding unaccompanied children was "made a part of [the August 2 order] and incorporated by reference as if fully set forth" in the August 2 order. *Id.* at 42,829 n.5. In the August 2 order, CDC concluded that the exercise of Title 42

authority as to single adults and family units remained necessary to protect the public health. *Id.* at 42,837.

On March 11, 2022, CDC issued an order terminating all prior Title 42 orders prohibiting the introduction of covered noncitizens into the United States to the extent they apply to unaccompanied children. 87 Fed. Reg. 15,243, 15,248 (Mar. 17, 2022). On April 1, 2022, CDC also issued an order terminating all of its prior Title 42 suspension orders as to other covered noncitizens (*i.e.*, members of family units and single adults). 87 Fed. Reg. 19,941 (Apr. 6, 2022). The termination order, by its terms, was to take effect on May 23, 2022, *id.*, but it was preliminarily enjoined on May 20, 2022 by the U.S. District Court for the Western District of Louisiana. *See* Prelim. Inj. Order, *Louisiana v. CDC*, No. 6:22-cv-00885 (W.D. La. May 20, 2022), ECF No. 91. The government has appealed that ruling to the Fifth Circuit. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.). The preliminary injunction has no impact on CDC's March 11, 2022 order terminating all prior suspension orders to the extent they apply to unaccompanied children.

**E. Resolution of 32 Guatemalan Unaccompanied Children Expelled in November 2020**

In November 2020, immediately following the issuance of the Court's preliminary injunction, 32 unaccompanied children from Guatemala were expelled via an expulsion flight to Guatemala. *See* Decl. of Guadalupe G. Serna ("Serna Decl.") ¶ 3 (Attached). DHS committed to facilitate the return of any of those 32 noncitizen children who wished to return to the United States to be processed under Title 8. *Id.*; *see also* Defendants Notice to the Court, ECF No. 97. At the request of class counsel, the government worked through the Government of Guatemala to offer assistance to those individuals who wanted to return to the United States. Serna Decl. ¶ 4. According to the Government of Guatemala, 22 of the 32 individuals had returned to the United States on their own. *Id.* ¶ 5. Of the remaining 10 individuals, the Government of Guatemala advised that four declined to return while six wished to return to the United States. *Id.* DHS contacted the six individuals, but one of them ultimately stopped responding to DHS's outreach. *Id.* DHS agreed to parole the remaining five individuals, all of whom are now over the age of 18. *Id.* ¶ 6. Four of those individuals have been paroled into the United States and are now with their families. *Id.* ¶ 7. As to the fifth individual, DHS

lost contact with him as it attempted to facilitate travel arrangements for him but learned through communications with his brother that the individual had made his own way to the United States. *Id.* Accordingly, the status of the 32 individuals has been resolved. *Id.* ¶ 8.

### F. The Government's Motion to Terminate the Abeyance in the D.C. Circuit and the D.C. Circuit's Remand Order

In light of the developments set forth above, on March 2, 2022, the government filed with the D.C. Circuit a motion to terminate the abeyance, vacate this Court's preliminary injunction as moot, and remand to this Court for a determination of whether the case as a whole is moot. *See* Defs.' Mot. to Terminate Abeyance, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Aug. 30, 2022), Doc. No. 1961507. Plaintiff partially opposed the motion, arguing that that the motion was "premature" because "the district court should address any mootness questions on remand." *See* Pl.'s Resp. to Mot. 1, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Sept. 9, 2022), Doc. No. 1962882.

On October 17, 2022, the D.C. Circuit issued an order lifting the abeyance of the appellate proceedings and remanding the case to this Court to "consider whether all or part of the case has become moot." *See* Order, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Oct. 17, 2022), Doc. No. 1969141. The D.C. Circuit also directed this Court to "consider [Defendants'] request for vacatur [of this Court's preliminary injunction] as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b)." *Id.*

### G. This Court's Decision Vacating 42 C.F.R. § 71.40 and all Title 42 Orders Issued Thereunder

On November 15, 2022, this Court in *Huisha-Huisha v. Mayorkas*, No. CV 21-100 (EGS), 2022 WL 16948610 (D.D.C. Nov. 15, 2022), held that the government's "Title 42 policy" was arbitrary and capricious in violation of the Administrative Procedure Act. *Id.* at *16. The Court "vacate[d] and set aside the Title 42 policy," which is defined to include "the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by" CDC suspending the right to introduce certain persons into the United States. *Id.* The order also "permanently enjoin[ed] Defendants and their agents from applying the Title 42 policy with respect to Plaintiff Class Members." *Id.* The next day, the Court granted the government's motion to stay the order for five weeks through December 20, 2022 to allow DHS time

to prepare to transition to immigration processing under Title 8 of the U.S. Code. Minute Order, *Huisha-Huisha*, No. 21-100 (EGS) (D.D.C. Nov. 16, 2022). Once the five-week stay expires and the *Huisha-Huisha* order becomes effective at midnight on December 21, 2022, the regulation at 42 C.F.R. § 71.40 and all CDC orders issued thereunder will be vacated, and DHS will begin processing all noncitizens entering the United States pursuant to Title 8.

## ARGUMENT

### I. This Case Is Moot

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC*, 568 U.S. at 91. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). That is, "even where litigation poses a live controversy when filed," the Court "must dismiss a case as moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Chamber of Commerce v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011); *see also 21st Century Telesis Joint Venture v. FCC*, 318 F.3d 192, 198 (D.C. Cir. 2003) (same). This doctrine of mootness "reflect[s] and enforce[s]" Article III's limitation that "federal courts are without authority to render advisory opinions or to decide questions that cannot affect the rights of litigants in the case before them." *Chamber of Commerce*, 642 F.3d at 199.

CDC's March 2022 termination of its Title 42 orders with respect to unaccompanied children has mooted all of the claims in this action. The Complaint alleged seven causes of action, each of which turned on the assertion that the application of the "Title 42 Process"— described by Plaintiff to include CDC's rules and orders implementing CDC's Title 42 authority, Compl. ¶ 1—to the class

members was unlawful, *id.* ¶¶ 110, 118, 123, 128, 134, 141, 146. And Plaintiff sought only prospective relief: a declaration that "the Title 42 Process" is unlawful as applied to the class and an injunction prohibiting the government "from applying the Title 42 Process" to Plaintiff and class members. Compl., Prayer for Relief.

But the "intervening events [have] ma[de] it impossible for [the Court] to grant 'effectual relief' to the [Plaintiff and class members]," even if they were to prevail in this case. *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). The Court cannot provide any form of "meaningful injunctive relief" to Plaintiff and the class members because the Title 42 Process no longer applies to them, and enjoining such application "would have no effect." *Id.* And because Plaintiff and class members are no longer subject to the Title 42 Process, "a declaration that it was unlawful would amount to nothing more than an advisory opinion." *Id.*; *see also NRDC v. NRC*, 680 F.2d 810, 814–15 (D.C. Cir. 1982). In fact, in *Huisha-Huisha*, this Court has already declared the "Title 42 Policy" unlawful and has vacated and set aside "the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by" CDC suspending the right to introduce certain persons into the United States. 2022 WL 16948610, *16. This case is therefore moot.

Similarly, Plaintiff and class members can no longer satisfy any of the requirements of Article III standing. Plaintiffs cannot establish any injury that is "actual or imminent." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff sought prospective relief based solely on an alleged injury of being subjected to CDC's Title 42 orders. But those orders no longer apply to Plaintiff or the class and so do not affect their ability to enter the United States, let alone subjecting them to expulsion. Nor can Plaintiffs establish the elements of causation or redressability. *See id.* Plaintiffs cannot show that they will suffer any injury traceable to Defendants' exercise of Title 42 authority or that any such injury could be redressed by a favorable judicial decision.

In opposing Defendants' motion in the D.C. Circuit to vacate the preliminary injunction as moot, Plaintiff noted that CDC could change its mind and reapply the Title 42 process to class

members in the future. *See* D.C. Cir. Doc. No. 1962882, at 7–8. But that is always true when an agency rescinds a challenged agency action, order, or regulation, and yet courts regularly dismiss cases as moot in such circumstances. Indeed, the D.C. Circuit has recognized the "well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot." *Alaska v. Dep't of Agric.*, 17 F.4th 1224, 1226–27 (D.C. Cir. 2021); *see also Freeport-McMoRan Oil & Gas Co. v. FERC*, 962 F.2d 45, 46 (D.C. Cir. 1992) (holding a case "plainly moot" where the challenged agency order had been "superseded by a . . . subsequent order," and noting that such an occurrence was so routine that "[o]rdinarily, we would handle such a matter in an unpublished order"); *Akiachak Native Cmty. v. Dep't of Interior*, 827 F.3d 100, 113–14 (D.C. Cir. 2016) (collecting cases). "[T]he mere power to reenact a challenged rule is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists absent evidence indicating that the challenged rule likely will be reenacted." *Akiachak*, 827 F.3d at 106. Rather, there must be "evidence indicating that the challenged law likely will be reenacted." *Id.*[1]

Here, there is no evidence that CDC will reinstitute its Title 42 process for unaccompanied children in the near future during this pandemic. This is particularly true given that the temporary and permanent rescissions remained in place even when the United States experienced spikes in COVID-19 cases due to the Delta and Omicron variants. *See* 86 Fed. Reg. at 42,832–33 (discussing Delta variant); *id.* at 42,837–88 (exception for unaccompanied children notwithstanding rise of Delta variant); 87 Fed. Reg. at 19,947–48 (discussing Omicron variant). Far from indicating that such

---

[1] The absence of such evidence would also defeat any possible reliance on the voluntary cessation doctrine—which is "designed to deter the [alleged] wrongdoer who would otherwise engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends," *Guedes v. ATF*, 920 F.3d 1, 15 (D.C. Cir. 2019)—even assuming the doctrine applies to the government, *cf. Alaska*, 17 F.4th at 1226–27 (expressing "serious doubts" that "voluntary cessation" exception to mootness applies where government is defendant, as "it would seem inappropriate for the courts . . . to impute such manipulative conduct to a coordinate branch of government"); *Citizens for Resp. & Ethics in Washington v. Wheeler*, 352 F. Supp. 3d 1, 13 (D.D.C. 2019) ("This Court and other Circuits have previously and consistently recognized that where the defendant is a government actor—and not a private litigant—there is less concern about the recurrence of objectionable behavior.").

reinstitution is likely, CDC has also determined that the August 2021 Title 42 Order is no longer necessary to protect the public health, *see* 87 Fed. Reg. 19,941, even if its attempt to terminate the Order entirely has been enjoined on procedural grounds, *see Louisiana v. CDC*, No. 6:22-cv-00885 (W.D. La. May 20, 2022), ECF No. 91. And because this Court recently vacated CDC's regulation implementing its Title 42 authority and all of CDC's Title 42 orders on arbitrary-and-capricious grounds, DHS will begin processing all noncitizens entering the United States pursuant to Title 8 once the stay of the Court's order expires on December 20, 2022.

These circumstance "provide[] [a] strong and sufficient assurance that the Government has changed its practice regarding" the challenged actions. *In re Al-Nashiri*, 47 F.4th 820, 825 (D.C. Cir. 2022). If CDC did promulgate a new regulation and issue a new Title 42 order that applies to unaccompanied children, a plaintiff could bring a new action challenging that future decision based on future public health circumstances (including the epidemiology of the communicable disease) and other relevant considerations (such as the government's ability to care for unaccompanied children) that lead to the hypothetical new Title 42 order. *See Akiachak*, 827 F.3d at 113 (noting that if an agency "promulgates a new regulation contrary to one party's legal position, that party may 'cure[] its mootness problem by simply starting over again" and "challenging the [new] regulation"). However, there is no longer any live controversy over CDC's currently operative Title 42 order, which does not apply to unaccompanied children. Even the operative Title 42 order itself has been vacated by this court, along with the underlying regulation implementing CDC's Title 42 Authority, effective December 21, 2022.

Plaintiff also suggested in the Court of Appeals that the parties may still have a dispute "concerning the scope of CDC's statutory authority to promulgate the Title 42 Process generally," noting that "[t]he agency has not rescinded the underlying regulations that supply the foundation for the CDC's various orders." *See* D.C. Cir. Doc. No. 1962882, at 8. But this Court has vacated and set aside the "underlying regulation[]" in *Huisha-Huisha*. And any request for a ruling about the lawfulness of the Title 42 process generally would be "abstracted from any concrete actual or threatened harm" and thus "fall[] outside the scope of the constitutional words 'Cases' and 'Controversies.'" *Alvarez v.*

*Smith*, 558 U.S. 87, 93 (2009). Because the Title 42 order no longer applies to Plaintiff or class members, any dispute about the lawfulness of CDC's exercise of Title 42 authority is "no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.* Thus, any decision addressing the lawfulness of the Title 42 process would constitute an advisory opinion that would not "affect the rights of litigants in the case before" the Court. *Chamber of Commerce*, 642 F.3d at 199.

Plaintiff also contended in the Court of Appeals that "the district court should have the opportunity to address" the government's declaration regarding the resolution of the 32 unaccompanied Guatemalan children who were expelled under Title 42 immediately following the issuance of the preliminary injunction. *See* D.C. Cir. Doc. No. 1962882, at 8–9. But Plaintiff has not disputed the substance of the government's declaration or suggested that this issue maintains a live case or controversy between the parties. As explained above, at class counsel's request, the government worked with the Government of Guatemala to offer assistance to any of the 32 individuals who wished to return to the United States, and the status of all 32 individuals has now been resolved, including through the government's parole of all those who wished to return to the United States with the government's assistance. *See* Serna Decl. ¶¶ 4–8. The government has acted in good faith and Plaintiff has not pointed to any clear evidence to the contrary. *See Comcast Corp. v. FCC*, 526 F.3d 763, 769 n.2 (D.C. Cir. 2008) ("We must presume an agency acts in good faith."); *Potomac Riverkeeper, Inc. v. Wheeler*, 381 F. Supp. 3d 1, 20 (D.D.C. 2019) ("Courts must presume that public officials act in good faith when discharging their official duties, absent clear evidence to the contrary."). Accordingly, the Court need not keep this case open to address this issue.

Because CDC's rescission of its Title 42 orders with respect to unaccompanied children has mooted all of Plaintiff's claims, and because this Court has further vacated CDC's "Title 42 Policy," the Court should dismiss this case as moot.

## II. In the Alternative, the Court Should Vacate the Preliminary Injunction

If the Court dismisses this case as moot, the preliminary injunction will dissolve automatically by operation of law. *See* Charles Alan Wright & Arthur R. Miller, 11A *Federal Practice and Procedure* § 2947 (3d ed. Oct. 20, 2022 update) ("A preliminary injunction remains in effect until a final judgment

is rendered or the complaint is dismissed . . . ."); *Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969) (a preliminary injunction "preserve[s] the status quo pending the outcome of litigation"); *Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) ("A preliminary injunction cannot survive the dismissal of a complaint.").

But even if the Court does not dismiss this case as moot, it should, at a minimum, vacate the preliminary injunction because it is no longer warranted. The D.C. Circuit directed the Court to "consider [Defendants'] request for vacatur [of this Court's preliminary injunction] as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b)." Order, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Oct. 17, 2022), Doc. No. 1969141. Under Rule 60(b), the court "may relieve a party . . . from a final judgment, order, or proceeding" for "any . . . reason that justifies relief" or when the order "prospectively is no longer equitable." *Hudson v. AFGE*, 281 F. Supp. 3d 11, 13–14 (D.D.C. 2017) (quoting Rule 60(b)(5) and (6)); *see also Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) (modifying preliminary injunction) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In situations where the case itself is not moot, the D.C. Circuit has recognized that dissolving a preliminary injunction is appropriate where "changed circumstances . . . render[] continued enforcement of the preliminary injunction . . . contrary to the public interest." *Petties ex rel. Martin v. District of Columbia*, 662 F.3d 564, 571 (D.C. Cir. 2011); *see also Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019) (reversing denial of motion to vacate preliminary injunction given significant changes to challenged policy); *see also Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 109 F. Supp. 3d 626, 629 n.1, 635 (S.D.N.Y. 2015) (dissolving preliminary injunction as moot because it was issued "under circumstances that no longer exist," even though case as a whole would proceed), *aff'd*, 815 F.3d 105 (2d Cir. 2016).

Here, for the same reasons that Plaintiff's claims are moot, there has been a significant change in circumstances that renders the preliminary injunction moot. In moving for a preliminary injunction, Plaintiff asserted that he was "likely to succeed on the merits" of his challenge to the application of the Title 42 process to him and class members, and that "subjecting [plaintiff and class members] to the Title 42 Process" causes them irreparable harm. ECF No. 15-1 at 12, 29. The Court's preliminary

injunction likewise prohibits the government from expelling the class members under Title 42. ECF No. 79. But, as noted above, the D.C. Circuit has since held that the government likely has the authority under Title 42 to expel individuals who have already crossed the border into the United States, subject to certain limitations. More importantly, the basis for the Court's preliminary injunction and the class members' request for the injunction no longer exists, now that CDC's March 11, 2022 order has excluded all unaccompanied children from the Title 42 process and this Court has further vacated all of CDC's Title 42 orders including the underlying regulation in *Huisha-Huisha*. Accordingly, at a minimum, the Court's preliminary injunction should be dissolved.

**CONCLUSION**

The Court should dismiss this case as moot, or, in the alternative, vacate the preliminary injunction.

Dated: November 22, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel, NY Bar #4074530
Federal Programs Branch

/s/ John Robinson
JOHN ROBINSON, DC Bar #1044072
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20530
Tel (202) 514-3716
Email: john.j.robinson@usdoj.gov

*Counsel for Defendants*