IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>             Defendants. | No. 1:20-cv-02245-EGS-GMH |

**MOTION TO HOLD MOTION TO DISMISS IN ABEYANCE**

    Plaintiff hereby moves to hold the pending motion to dismiss, ECF No. 147, in abeyance pending resolution of appellate proceedings in *Huisha-Huisha v. Mayorkas*. Defendants oppose this motion.

    1.    The government's motion to dismiss this challenge to the Title 42 policy as applied to unaccompanied children relies heavily on this Court's vacatur of that policy in the parallel *Huisha-Huisha* litigation. However, the Supreme Court has, since the filing of the government's motion, stayed the *Huisha-Huisha* order and granted certiorari to decide an intervention question in that case. As explained below, holding the motion to dismiss in this case in abeyance pending *Huisha-Huisha* will avoid briefing and deciding mootness questions based on hypothetical scenarios, and best conserves the resources of the parties and the Court.

    2.    On November 18, 2020, this Court entered a preliminary injunction in this case, enjoining the expulsion of unaccompanied noncitizen children class members pursuant to the Centers for Disease Control and Prevention ("CDC") Title 42 policy. *See* Order, ECF Nos. 79, 80. That order was stayed pending appeal. Order, *P.J.E.S. v. Mayorkas, et al.*, No. 20-5357 (D.C. Cir. Jan. 29, 2021).

3.      On February 11, 2021, CDC issued a notice temporarily excepting unaccompanied noncitizen children from the Title 42 policy.  *See* CDC, Notice of Temporary Exception From Expulsion of Unaccompanied Noncitizen Children Encountered in the United States Pending Forthcoming Public Health Determination (Feb. 11, 2021), https://www.cdc.gov/ coronavirus/2019-ncov/more/pdf/CDCPauseNotice-ExceptfromExpulsion.pdf.  On July 16, 2021, the CDC issued a superseding order excepting unaccompanied children from the Title 42 Process.  86 Fed. Reg. 38717, 38720 (July 22, 2021).  And on August 2, 2021, CDC issued another order which incorporated the July 16 exception for unaccompanied children.  86 Fed. Reg. 42828, 42829 n.5 (Aug. 5, 2021).  This litigation, in this court and the court of appeals, was held in abeyance.

4.      The State of Texas challenged the July and August orders, seeking to reinstitute expulsions of unaccompanied children.  *Texas v. Biden*, No. 21-cv-579 (N.D. Tex.).  On March 4, 2022, the *Texas* court issued a preliminary injunction against enforcing those orders to except unaccompanied children from expulsion.  *Texas v. Biden*, 589 F. Supp. 3d 595, 623-24 (N.D. Tex. 2022).

5.      On March 11, 2022, CDC terminated all prior suspension orders to the extent they applied to unaccompanied children.  87 Fed. Reg. 15243 (Mar. 17, 2022).  Texas sought to amend its complaint to challenge this latest order, but the court denied leave to amend, and the parties stipulated to dismiss the suit without prejudice.  *Texas*, No. 21-cv-579 (N.D. Tex.), ECF Nos. 106, 111, 115.

6.      On April 1, 2022, CDC issued an order seeking to terminate all prior suspension orders under 42 U.S.C. 265, not just those that applied to unaccompanied minors.  87 Fed. Reg. 19941 (Apr. 6, 2022).  The CDC's termination order was preliminarily enjoined on May 20, 2022, on the ground that the termination order required notice and comment rulemaking.  *Louisiana v. Centers for Disease Control & Prevention*, No. 22-cv-885, 2022 WL 1604901 (W.D. La. May 20, 2022).  The appeal of that decision is pending, and argument is tentatively scheduled for the week of March 6, 2023.  *See* No. 22-30303 (5th Cir.).

7. On August 30, 2022, the government moved in the D.C. Circuit to vacate this Court's preliminary injunction in *P.J.E.S.* and remand the case to this Court for a determination whether the case is moot. The D.C. Circuit remanded for a determination of mootness and to consider the vacatur request. Order, *P.J.E.S.*, No. 20-cv-5357 (D.C. Cir. Oct. 17, 2022). On October 28, 2022, the parties filed a status report proposing a briefing schedule regarding mootness, and this Court entered the schedule. ECF Nos. 145-46.

8. On November 15, 2022, this Court granted summary judgment in parallel litigation regarding the Title 42 process. *Huisha-Huisha v. Mayorkas*, No. 21-100, 2022 WL 16948610 (D.D.C. Nov. 15, 2022). The court vacated and set aside "the Title 42 policy—consisting of the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by the Centers for Disease Control and Prevention or the U.S. Department of Health and Human Services suspending the right to introduce certain persons into the United States." *Id*. at *16. The federal government has appealed. No. 22-05325 (D.C. Cir.).

9. On November 22, 2022, Defendants in this case filed their motion to dismiss on mootness grounds. ECF No. 147-1. Defendants relied heavily on the *Huisha-Huisha* vacatur order in their mootness arguments. *See id*. at 8 ("in *Huisha-Huisha*, this Court has already declared the 'Title 42 Policy' unlawful and has vacated and set [it] aside"); *id*. at 10 (similar); *id*. at 13 (similar). In particular, Defendants noted that while this Court had granted a temporary stay of its vacatur judgment in *Huisha-Huisha*, "[o]nce the five-week stay expires and the *Huisha-Huisha* order becomes effective at midnight on December 21, 2022, the regulation at 42 C.F.R. § 71.40 and all CDC orders issued thereunder will be vacated, and DHS will begin processing all noncitizens entering the United States pursuant to Title 8." *Id*. at 7.

10. However, that did not occur. A group of States moved to intervene in *Huisha-Huisha* and ultimately sought relief from the Supreme Court. On December 27, the Supreme Court granted the States' request for a stay and granted certiorari to consider whether the States may intervene. *Arizona v. Mayorkas*, No. 22-592, 2022 WL 17957850 (U.S. Dec. 27, 2022).

3

The Court directed expedited briefing and scheduled argument for March 1, 2023.  Order, *Arizona*, No. 22-592 (U.S. Jan. 4, 2023).

11.     Plaintiff's response to the government's motion to dismiss on mootness grounds in this case is presently due January 9, 2022.

12.     An abeyance of the pending motion is appropriate under the circumstances.  The situation with regard to the Title 42 policy is currently in flux.  Among other potential changes in the coming months, the Supreme Court's consideration of the *Huisha-Huisha* litigation, as well as the pending appeal in that case in the D.C. Circuit, bear directly on one of the circumstances on which Defendants' motion relies: this Court's vacatur order in *Huisha-Huisha*.  If the *Huisha-Huisha* vacatur order is affirmed, Plaintiff expects to stipulate to dismissal of the instant case.  Rather than brief mootness based on hypothetical scenarios, it would conserve the resources of the parties and the Court to hold this motion in abeyance pending the outcome of appellate proceedings in *Huisha-Huisha*.

13.     Counsel for Defendants has indicated that they oppose Plaintiff's request in this case to hold the motion to dismiss in abeyance.  However, Defendants have informed Plaintiff that they do not oppose a 21-day extension of the current briefing schedule should the Court choose not to hold the government's mootness motion in abeyance.  Under such a schedule, Plaintiff's brief would be due January 30, 2022, and Defendants' reply would be due February 13, 2022.

14.     In sum, Plaintiff respectfully requests that the Court hold in abeyance the government's motion to dismiss pending appellate proceedings in *Huisha-Huisha v. Mayorkas*.  In the alternative, Plaintiff respectfully requests that the Court grant an extension of 21 days, until January 30, to respond to the motion to dismiss.

4

Dated: January 6, 2023

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo*
Omar Jadwat*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660

Robert Silverman*
Irit Tamir
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Blaine Bookey
Anne Dutton
Karen Musalo
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

Stephen B. Kang (Bar ID. CA00090)
Cody Wofsy (Bar ID. CA00103)
Morgan Russell*
My Khanh Ngo
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Bernardo Rafael Cruz
Adriana Cecilia Pinon
American Civil Liberties Union
Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146

Tamara F. Goodlette
Refugee and Immigrant Center for Legal Education and Legal Services (RAICES)
5121 Crestway Drive, Suite 105
San Antonio, TX 78239
Tel: (210) 960-3206

Karla M. Vargas*
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

*Attorneys for Plaintiff*
**Admitted pro hac vice*