UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.J.E.S., A MINOR CHILD, by and through his father and NEXT FRIEND, Mario Escobar Francisco, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>                Defendants. | Civil Docket No. 1:20-cv-02245-EGS-GMH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO HOLD
DEFENDANTS' MOTION TO DISMISS IN ABEYANCE**

Defendants oppose holding their motion to dismiss in abeyance. Plaintiff moved for an abeyance because in their motion to dismiss, Defendants relied on this Court's order in *Huisha-Huisha v. Mayorkas* vacating and setting aside CDC's Title 42 regulation and orders, and the Supreme Court recently stayed that order pending resolution of the question whether the proposed State intervenors may intervene to challenge the *Huisha-Huisha* order. *See* ECF No. 148 at 1. As explained below, however, the Supreme Court's stay does not change the fact that this case—which concerns *only* the application of CDC's Title 42 orders to unaccompanied children—is moot, as CDC long ago terminated all of its Title 42 orders insofar as they applied to unaccompanied children and there is no pending litigation challenging the validity of that termination. While the *Huisha-Huisha* order provided an independent reason why this case is moot because it concluded that the Title 42 regulation and orders were arbitrary and capricious in the first place, this case was already moot at the time of the *Huisha-Huisha* ruling. Accordingly, the Court should deny Plaintiff's motion to hold Defendants' motion to dismiss in abeyance.

1.      Plaintiff brought this action in August 2020 for declaratory and injunctive relief on behalf of himself and a class of unaccompanied noncitizen children to challenge CDC's exercise of

Title 42 authority as to unaccompanied children. CDC had issued a series of orders under its Title 42 implementation regulation suspending the right to introduce into the United States certain noncitizens, including unaccompanied children. The Court certified a class and issued a preliminary injunction in November 2020, which the D.C. Circuit stayed pending appeal. In October 2022, the D.C. Circuit remanded the case to this Court to "consider whether all or part of the case has become moot." Order, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Oct. 17, 2022), Doc. No. 1969141.

2.  On November 22, 2022, Defendants moved to dismiss this case as moot. Mot. to Dismiss, ECF No. 147-1. Defendants explained that CDC had excepted unaccompanied children from expulsion under its Title 42 orders since as early as January 2021 and had also permanently terminated all of its prior suspensions orders insofar as they applied to unaccompanied children in March 2022. *Id.* at 1, 4–5. Accordingly, this case is moot because the Court can no longer grant effectual relief to Plaintiff and the class members, even if they were to prevail in this case, and because there is no longer any actual controversy between the parties about the lawfulness of CDC's application of Title 42 orders to unaccompanied children. *See id.* at 7–11.

3.  Plaintiff contends that the Court should hold Defendants' motion to dismiss in abeyance because the Supreme Court recently stayed this Court's order vacating and setting aside CDC's Title 42 regulation and orders in *Huisha-Huisha*. But the Supreme Court's stay does not change the critical fact that CDC has terminated its Title 42 orders insofar as they applied to unaccompanied children—an agency action that has not been challenged—thus mooting the controversy between the parties. *See, e.g.*, Mot. to Dismiss 1 ("Because the challenged Title 42 orders no longer apply to Plaintiff or the class, the Court cannot grant effective relief to Plaintiff or the class."); *id.* at 7 ("CDC's March 2022 termination of its Title 42 orders with respect to unaccompanied children has mooted all of the claims in this action."); *id.* at 8 ("[B]ecause Plaintiff and class members are no longer subject to the Title 42 Process, a declaration that it was unlawful would amount to nothing more than an advisory opinion.").

4.  While Defendants also cited this Court's *Huisha-Huisha* order as an additional, independent reason why this case is moot, Defendants' position remains that this case was moot even

before the *Huisha-Huisha* ruling on November 15, 2022. *See* Defs.' Mot. to Terminate Abeyance, *P.J.E.S. v. Mayorkas*, No. 20-5357 (D.C. Cir. Aug. 30, 2022), Doc. No. 1961507, at 14 ("In the government's view, the entire case also is now moot because the CDC's March 11, 2022 order has excluded all unaccompanied noncitizen children from the Title 42 process.").

5. To be sure, if the Title 42 orders were invalid in the first place as this Court has found, that would lend additional support to Defendants' argument that there is no actual controversy between the parties. But that by no means suggests that this Court should await "resolution of appellate proceedings in *Huisha-Huisha*" as urged by Plaintiff, Pl.'s Mot. at 1, ECF No. 148, because it would unnecessarily prolong resolution of Defendants' motion to dismiss. Indeed, the Supreme Court's grant of certiorari in *Huisha-Huisha* is limited to the question whether the State applicants may intervene to challenge the *Huisha-Huisha* order. *See Arizona v. Mayorkas*, No. 22-592, 2022 WL 17957850, at *1 (U.S. Dec. 27, 2022). If the Supreme Court affirms the D.C. Circuit's order denying intervention, then the *Huisha-Huisha* order would automatically take effect. But if the Supreme Court reverses the D.C. Circuit's intervention order, that would mean only that the States could intervene in the appeal, and the D.C. Circuit would ultimately need to decide whether the Title 42 regulation and orders were invalid in the first place. Both scenarios could take time, but more importantly, neither scenario changes the fact that CDC has long excepted unaccompanied children from its Title 42 orders, mooting the case. That is, contrary to Plaintiff's assertion, this Court would not be deciding the mootness question "based on hypothetical scenarios." Pl.'s Mot. at 1.

6. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006), and "[if] the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action," Fed. R. Civ. P. 12(h)(3) (emphasis added). Defendants have explained why they believe that this case is moot, and if Plaintiff disagrees, he should set forth his reasons in response to the motion, including why the Supreme Court's recent stay of the *Huisha-Huisha* order somehow bears on the mootness question in this case. But Plaintiff has not offered any reason why the Court should hold Defendants' motion to

3

dismiss in abeyance pending proceedings in another case that, regardless of its outcome, could not change the fact that this case is moot.

7. Accordingly, Plaintiff's motion to hold Defendants' motion to dismiss in abeyance should be denied.

Dated: January 13, 2023

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Principal Deputy Assistant Attorney General
>
>JEAN LIN
>Special Litigation Counsel, NY Bar #4074530
>Federal Programs Branch
>
>/s/ John Robinson
>JOHN ROBINSON, DC Bar #1044072
>Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street N.W.
>Washington, DC 20530
>Tel (202) 616-8489
>Email: john.j.robinson@usdoj.gov
>
>*Counsel for Defendants*