**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **P.J.E.S., a minor child by and through his father and next friend, Mario Escobar Francisco, on behalf of himself and others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,**<br><br>**Defendants.** | **Case No. 1:20-cv-2245 (EGS/GMH)** |

**MEMORANDUM OPINION AND ORDER**

This action is one in a tangle of cases working their way through the federal court system that either challenge or defend rules and orders issued by Defendants pursuant to 42 U.S.C. § 265 implementing what has come to be known as the "Title 42 Policy" or "Title 42 Process." In this case, Judge Sullivan issued a preliminary injunction prohibiting the enforcement of orders issued by the Centers for Disease Control and Prevention ("CDC") pursuant to that statute that, described in broad strokes, authorized the expulsion on public health grounds of certain non-citizens entering the country to the extent those orders applied to unaccompanied children. In light of further developments, both in the courts and in the Executive Branch, the government has moved to dismiss this case as moot. Plaintiff now asks that Defendants' motion be held in abeyance. For the reasons below, Plaintiff's motion is granted and this case is stayed.

## I. BACKGROUND

Section 265 provides that, when there is a serious danger of importation into the United States of a communicable disease from a foreign country that "is so increased by the introduction

of persons or property from such country that a suspension of the right to introduce such persons and property is required in the interest of the public health," the government has "the power to prohibit, in whole or in part, the introduction of persons and property from such countries or places as [it] shall designate in order to avert such danger, and for such period of time as [it] may deem necessary for such purpose." 42 U.S.C. § 265. In March 2020, citing the COVID-19 pandemic, the government (via the Department of Health and Human Services) issued an interim final rule (the "Interim Final Rule") under the statute, which authorized the Director of the CDC to "suspend the introduction of persons into the United States." *PJES ex rel. Francisco v. Wolf*, 502 F. Supp. 3d 492, 503 (D.D.C. 2020) (quoting *Control of Communicable Diseases; Foreign Quarantine: Suspension of Introduction of Persons Into United States From Designated Foreign Countries or Places for Public Health Purposes*, 85 Fed. Reg. 16559-01, 16563, 2020 WL 1330968 (Mar. 24, 2020)); *see also Huisha-Huisha v. Mayorkas*, __ F. Supp. 3d __, 2022 WL 16948610, at *1 (D.D.C. 2022) [hereinafter, *Huisha-Huisha II*] (same), *appeal docketed*, No. 22-5325 (D.C. Cir. Dec. 9, 2022); *see also Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146, 157 (D.D.C. 2021) [hereinafter, *Huisha-Huisha I*] (same), *aff'd in part and remanded*, 27 F.4th 718 (D.C. Cir. 2022) [hereinafter, *Huisha-Huisha III*]; *see also Louisiana v. Ctrs. for Disease Control & Prevention*, __ F. Supp. 3d __, 2022 WL 1604901, at *1 (W.D. La. 2022), *appeal docketed*, No. 22-30303 (5th Cir. May 23, 2022).

Under the authority of the Interim Final Rule, the CDC issued orders "suspending . . . the introduction of 'covered aliens,' . . . defined as 'persons traveling from Canada or Mexico (regardless of their country of origin) who would otherwise be introduced into a congregate setting in a land Port of Entry . . . or Border Patrol station at or near the United States borders with Canada and Mexico.'" *Huisha-Hiusha II*, __ F. Supp. 3d at __, 2022 WL 16948610, at *2 (quoting *Notice*

*of Order Under Sections 362 and 365 of the Public Health Service Act Suspending Introduction of Certain Persons from Countries Where a Communicable Disease Exists*, 85 Fed. Reg. 17060-02, 17061, 2020 WL 1445906 (Mar. 26, 2020)); *see also id.* at __, 2022 WL 16948610, at *3 (discussing the two extensions of that rule in April 2020 and May 2020). Under the authority of those orders, a number of "covered noncitizens," including asylum seekers and unaccompanied children, were detained pending expulsion and/or expelled from the United States. *See Huisha-Huisha I*, 560 F. Supp. 3d at 159; *PJES*, 502 F. Supp. 3d at 505–506.

Plaintiff filed this action in August 2020 and sought certification of a class of "[a]ll unaccompanied noncitizen children who (1) are or will be detained in U.S. government custody in the United States, and (2) are or will be subjected to the Title 42 Process," and followed up one week later a motion for a class-wide preliminary injunction. *PJES*, 502 F. Supp. 3d at 509 (citing ECF No. 2 at 1). One week later, he filed a motion for a preliminary injunction arguing that "Section 265 'does not authorize deportation'"; that "'unaccompanied children are entitled to explicit statutory procedures and protections,'" such as those included in the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the Trafficking Victims Protection Reauthorization Act of 2008, 8 U.S.C. § 1232; and that "'subjecting Class Members to the CDC Orders is arbitrary and capricious in violation of the' [Administrative Procedures Act ('APA')]." *Id.* at 510 (quoting ECF No. 15-1 at 21); *see also id.* at 534–35.

In September 2020, the government issued a final rule (the "Final Rule") that, in relevant part, reaffirmed its authority to expel certain individuals under Section 265. *See id.* at 505 (citing *Control of Communicable Diseases; Foreign Quarantine: Suspension of the Right to Introduce and Prohibition of Introduction of Persons into United States from Designated Foreign Countries or Places for Public Health Purposes*, 85 Fed. Reg. 56424-01, 2020 WL 5439721 (Sept. 11, 2020),

*codified at* 42 C.F.R. § 71.40); *see also id.* at 520 ("[T]here is no relevant material difference between the CDC Director's authority under the Final Rule and the authority that the government here has argued he enjoys under the Interim Final Rule." (citing ECF No. 65 at 47–48)). In October 2020, the CDC replaced its earlier orders with a new order exercising that power. *See Huisha-Huisha I*, 560 F. Supp. 3d at 158 (citing *Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists*, 85 Fed. Reg. 65806, 65808, 2020 WL 6081986 (Oct. 16, 2020)).

In November 2020, Judge Sullivan provisionally certified the proposed class in this case and granted Plaintiff's motion for a preliminary injunction. *See generally PJES*, 502 F. Supp. 3d at 501–21. He found that Plaintiff was likely to succeed on the merits of his argument that neither "the vocabulary of Section 265, its context within the subsection of the Public Health Service Act it occupies, its relationship to other relevant statutes, [nor] its legislative and enforcement history" authorized the expulsion of the class members from the United States and, therefore, the rules and orders at issue "exceed[ed] the authority granted by Congress" in the statute. *Id.* at 534–35; *see also id.* at 510–16. He further found that class members were likely to suffer irreparable injury in the absence of a preliminary injunction and that the balance of the equities and the public interest favored granting Plaintiff's motion. *See id.* at 516–20. The government appealed that decision and, in January 2021, the D.C. Circuit granted its motion to stay the district court's order pending disposition of the appeal. *PJES ex rel. Francisco v. Peskoske*, No. 20-5357, 2021 WL 9100552 (D.C. Cir. Jan. 29, 2021).

In early February 2021, the CDC "issued a notice 'temporarily except[ing] . . . unaccompanied noncitizen children' from expulsion under the Title 42 Process" pending its reassessment

of its October 2020 order. *Huisha-Huisha I*, 560 F. Supp. 3d at 159 (alterations in original) (quoting *Notice of Temporary Exception from Expulsion of Unaccompanied Noncitizen Children Encountered in the United States Pending Forthcoming Public Health Determination*, 86 Fed. Reg. 9942-01, 2021 WL 600683 (Feb. 11, 2021)). Both the D.C. Circuit and this Court granted the parties' motions to hold the case in abeyance.[1] *See id.* at 160. In July 2021, the CDC issued an order "fully excepting" unaccompanied noncitizen children from the Title 42 Process. *Public Health Determination Regarding an Exception for Unaccompanied Noncitizen Children from the Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists*, 86 Fed. Reg. 38717-01, 38717, 2021 WL 3081447 (July 22, 2021). In August 2021, the CDC issued a new order reaffirming the Title 42 Process as it applied to "covered noncitizens" other than unaccompanied noncitizen children. *Public Health Reassessment and Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists*, 86 Fed. Reg. 42828-02, 42829, 2021 WL 3403847 (Aug. 5, 2021). In March 2022, while this case was still held in abeyance, the CDC issued an order terminating all prior orders to the extent that they applied the Title 42 Process to unaccompanied children, which had the effect of continuing the exception of unaccompanied children from that process.[2] *See generally Public Health Reassessment and Immediate Termination of Order Sus-*

[1] At that point, although the case had been appealed to the D.C. Circuit, there were proceedings in this Court regarding 32 unaccompanied minors who had been returned to Guatemala pursuant to the Title 42 Process *after* the injunction prohibiting its enforcement had gone into effect and *before* the D.C. Circuit stayed the injunction. *See* ECF No. 97.

[2] "The March 2022 Order apparently was issued in response to litigation in Texas challenging Defendants' practice of not applying Title 42 to unaccompanied alien children." *Louisiana*, __ F. Supp. 3d at __, 2022 WL 1604901, at *3; *see also* Complaint, *Texas v. Biden*, 589 F. Supp. 3d 595 (N.D. Tex. 2022) (No. 21-cv-579), ECF No. 1. On March 4, 2022, the Texas district court issued a preliminary injunction prohibiting enforcement of the July 2021 and August 2021 orders "to the extent that they except unaccompanied alien children from Title 42 procedures based solely on their status as unaccompanied alien children." *Texas*, 589 F. Supp. 3d at 623–24. In light of the Texas court's finding that the CDC "had not adequately explained its decision to treat [unaccompanied children] differently than other

*pending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists with Respect to Unaccompanied Noncitizen Children*, 87 Fed. Reg. 15243-01, 2022 WL 797266 (Mar. 17, 2022). In October 2022, at the request of Defendants, the D.C. Circuit lifted the abeyance in this case and remanded it to this Court to consider whether all or part of the case has become moot. *See* Order, *PJES v. Mayorkas*, No. 20-5357 (D.C. Cir. Oct. 17, 2022). The government filed its motion to dismiss the complaint as moot in November 2022. ECF No. 147.

Meanwhile, back in January 2021, a different group of plaintiffs filed an action challenging the Title 42 Process as it applies to noncitizen family units including at least one child under eighteen years old. *Huisha-Huisha I*, 560 F. Supp. 3d at 162. Judge Sullivan granted a preliminary injunction finding, as in *PJES*, that the plaintiffs were likely to succeed on the merits of their claim that

> the CDC Orders instituting the Title 42 Process exceed the authority granted by Congress pursuant to Section 265 because "[n]othing in [Section] 265, or Title 42 more generally, purports to authorize any deportations, much less deportations in violation of' statutory procedures and humanitarian protections, including the right to seek asylum."

*Id.* at 166–67 (alterations in original). The government again appealed, and in January 2022, the D.C. Circuit reversed the grant, "find[ing] it likely that aliens covered by a valid § 265 order have

---

noncitizens" subject to the Title 42 Process, the agency "reopened this issue and reconsidered" whether unaccompanied children should be excepted from the policy. *Public Health Reassessment and Immediate Termination of Order Suspending the Right to Introduce Certain Persons*, 87 Fed. Reg. 15243-01, 15244, 15251–52, 2022 WL 797266. It ultimately concluded in March 2022 that unaccompanied children should continue to be excepted from the Title 42 Process "based on the current public health circumstances." *Id.* at 15244. Thereafter, *Texas v. Biden* was voluntarily dismissed (and, consequently, the preliminary injunction was dissolved) in October 2022 because the matters at issue had "largely been superseded by later events." Joint Status Report, *Texas v. Biden*, No. 21-cv-579 (N.D. Tex. Oct. 11, 2022); Stipulation of Dismissal without Prejudice, *Texas v. Biden*, Bo. 21-cv-579 (N.D. Tex. Oct. 18, 2022); *see also* Charles Alan Wright & Arthur R. Miller, 11A *Federal Practice and Procedure* § 2947 (3d ed.) ("A preliminary injunction remains in effect until a final judgment is rendered or the complaint is dismissed[.]").

no right to be in the United States, and the Executive can immediately expel them" except to a place "where they will be persecuted or tortured." *Huisha-Huisha III*, 27 F.4th at 721–22.

In April 2022, the CDC found that "there is no longer a serious danger that the entry of covered noncitizens . . . into the United States will result in the introduction, transmission, and spread of COVID-19 and that a suspension of the introduction of covered noncitizens is no longer required in the interest of public health" and issued an order terminating all prior Title 42 orders suspending the rights of noncitizens to enter the United States.[3] *See Public Health Determination and Order Regarding Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists*, 87 Fed. Reg. 19941-01, 19942, 2022 WL 1016059 (Apr. 6, 2022). However, in May 2022, a court in the Western District of Louisiana issued a nationwide preliminary injunction on the basis that the April 2022 order violated the APA because it was not issued through the notice-and-comment rulemaking process.[4] *Louisiana*, __ F. Supp. 3d at __, 2022 WL 1604901, at *17–23. The government has appealed that ruling. *See* ECF No. 147-1 at 10.

Then, in November 2022, Judge Sullivan issued a decision finding that the rules and orders issued under Title 42 that prohibited the introduction of certain noncitizens into the United States and authorized their expulsion—specifically, "the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by the [CDC] or the U.S. Department of Health and Human Services suspending the right to introduce certain persons into the United States"—are arbitrary and capri-

[3] The March 2022 and April 2022 orders together thus had the effect of terminating the Title 42 Process as to all noncitizens, while leaving the implementing regulation, 42 C.F.R. § 71.40, in place.

[4] The injunction applies only to the April 2022 order—called the "Termination Order" in the decision, *see Louisiana*, __ F. Supp. 3d at __, 2022 WL 1604901, at *3—not to the March 2022 order excepting unaccompanied children from the Title 42 Process. As noted, the preliminary injunction finding that order invalid is no longer in force, *see* note 2, *supra*. Thus, unaccompanied children are not currently subject to the Title 42 Process.

cious because the agencies (1) failed to "acknowledge and explain its departure from past practice," *Huisha-Huisha II*, __ F. Supp. 3d at __, 2022 WL 16948610, at *10 (quoting *Grace v. Barr*, 965 F.3d 883, 903 (D.C. Cir. 2020)), 16; (2) "failed to consider the harms to migrants subject to expulsion," *id.* at __, 2022 WL 16948610, at *10; and (3) "failed to adequately consider alternatives" and instituted a policy "that did not rationally serve its stated purpose," *id.* at __, 2022 WL 16948610, at *11. He vacated the policy and permanently enjoined its application to the class members. *Id.* at __, 2022 WL 16948610, at *16. The government appealed but did not seek a stay of the district court's injunction. The D.C. Circuit then denied a motion to intervene (and dismissed as moot a motion to stay) brought by many of the states—including Louisiana—that had successfully enjoined the April 2022 CDC order terminating its Title 42 orders suspending the introduction of noncitizens (other than unaccompanied children) into the United States.[5] Order, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir. Dec. 16, 2022). The Supreme Court granted certiorari as to the order denying intervention and stayed the district court's order enjoining enforcement of the Title 42 Process shortly thereafter. *Arizona v. Mayorkas*, 598 U.S. __, 143 S. Ct. 478 (2022).

Thus, at this point, the CDC has rescinded or attempted to rescind all of its orders authorizing the expulsion of individuals pursuant to Section 265, including the orders putatively invalidated in this case involving unaccompanied children; the rescission of some of those orders—but not the orders as to unaccompanied children enjoined in this case—has been enjoined by a court in the Western District of Louisiana in a decision the government has appealed to the Fifth Circuit;

[5] Those states are Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Tennessee, Utah, Virginia, West Virginia, and Wyoming. States' Notice Regarding Motion to Intervene and Alternative Renewed Motion to Intervene at 2, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir. Dec. 9, 2022).

the judgment entered pursuant to *Huisha-Huisha II* invalidating the entire Title 42 Policy, including its implementing regulation, 42 U.S.C. § 71.40, has been stayed by the Supreme Court so that it can determine whether the states that sought to intervene in *Huisha-Huisha* to defend the policy were properly denied that opportunity; and, according to Defendants in *Huisha-Huisha* (which, pursuant to an order issued by the D.C. Circuit on January 20, 2023, is held in abeyance "pending the Supreme Court's disposition of *Arizona v. Mayorkas*"), the government has "decided to undertake notice-and-comment rulemaking to replace" 42 C.F.R. § 71.40, the regulation underlying all of the CDC orders at issue not only in *Huisha-Huisha*, but also in this case and in *Louisiana*. Motion to Hold Case in Abeyance at 8, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir. Jan. 9, 2023); Order, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Jan. 20, 2023) (holding the case in abeyance pending the Supreme Court's decision in *Arizona v. Mayorkas*).

Into this thicket, Defendants have filed a motion to dismiss this case as moot or, in the alternative, to dissolve the preliminary injunction, arguing that the case is moot because the CDC has terminated its Title 42 orders with respect to unaccompanied children and "there is no evidence that [the] CDC will reinstate its Title 42 process for unaccompanied children in the near future during this pandemic."[6] ECF No. 147 at 12, 14. Plaintiff's opposition to that motion is due on January 30, 2023, ECF No. 149, but he has signaled that he will argue that the "voluntary cessation" exception to mootness applies, *see* ECF No. 151 at 2 ("Plaintiff disputes that, absent affirmance in *Huisha-Huisha*, Defendants have carried their 'heavy burden' of demonstrating that it is 'absolutely clear' that the allegedly wrongful behavior could not reasonably be expected to recur." (quoting *Trinity Lutheran Church of Columbia, Inc. v. Comer*, __ U.S. __, __ n.1, 137 S. Ct. 2012,

[6] The Court assumes that the January 29, 2021 stay pending appeal imposed by the D.C. Circuit is no longer effective, as the case has been remanded and there is no pending appeal. *Cf. Project Vote/Voting for Am., Inc. v. Long*, 889 F. Supp. 2d 778, 782–83 (E.D. Va. 2012) (noting that an injunction that was stayed pending appeal became enforceable when the case was remanded).

2019 n.1 (2017)). Plaintiff now seeks to hold Defendants' motion to dismiss in abeyance pending the completion of appellate proceedings in *Huisha-Huisha*.[7] ECF No. 148 at 4.

## II. DISCUSSION

"Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). "The power to [stay or hold proceedings in abeyance] 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Drug Reform Coordination Network, Inc. v. Grey House Publ'g, Inc.*, No. 14-cv-701, 2015 WL 13668667, at *1 (D.D.C. Aug. 5, 2015) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). A court "must weigh competing interests and maintain an even balance," *Landis,* 299 U.S. at 254, and "may grant such a motion if it finds that '[i]n the interest of judicial economy and avoiding unnecessary litigation' a stay is appropriate," *Khadr*, 587 F. Supp. 2d at 229 (alteration in original) (quoting *Al–Anazi v. Bush,* 370 F. Supp. 2d 188, 199 (D.D.C.2005)); *see also, e.g.*, *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Ams.,* 402 F. Supp. 2d 289, 292 (D.D.C.2005) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it pending resolution of independent proceedings which bear upon the case." (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir 1979)).

[7] At the time the motion to dismiss this case was filed, it appears that the government had not yet decided to appeal the decision in *Huisha-Huisha II*, which invalidated the entire the Title 42 Process. ECF No. 147-1 at 12 (noting that "once the five-week stay [of the injunction that the district court imposed at the request of the defendants in that case] expires and the *Huisha-Huisha* order becomes effective . . . the regulation at 42 C.F.R. § 71.40 and all CDC orders issued thereunder will be vacated[.]").

Plaintiff argues that the motion to dismiss should be held in abeyance because "[t]he situation with regard to the Title 42 policy is currently in flux." ECF No. 148 at 4. More specifically, he contends that awaiting the outcome of the *Huisha-Huisha* litigation the most efficient way to proceed because, if the district court's decision stands, the entire Title 42 Process, including the implementing regulation, 42 C.F.R. § 71.40, will be nullified. *See id.* Indeed, in that situation, he "expects to stipulate to dismissal" of this case. ECF No. 148 at 4; *see also* ECF No. 151 at 1 ("As Plaintiff indicated, if the vacatur order [of *Huisha-Huisha II*] is affirmed he expects to stipulate to dismissal, and no further briefing or decision from this Court will be necessary."). Defendants rejoin that *Huisha-Huisha* is not material to whether this case is moot because the CDC "has terminated its Title 42 orders insofar as they applied to unaccompanied children—an agency action that has not been challenged."[8] ECF No. 150 at 2. However, Defendants themselves acknowledge that they relied on the district court's decision in *Huisha-Huisha II* to argue that this case is moot. *See* ECF No. 150 at 2–3; *see also* ECF No. 147-1 at 11–12, 13, 15, 18 (discussing *Huisha-Huisha II*). They further recognize that *Huisha-Huisha II* provides an "independent reason why this case is moot" and "lend[s] additional support to Defendants' argument that there is no actual controversy between the parties." ECF No. 150 at 2–3. For its part, the Court notes that, if *Huisha-Huisha II* is upheld and the Title 42 Process is invalid, there will be no need to address potentially complicated mootness questions such as whether the voluntary cessation exception applies to the government and, if so, if it applies in this case. *See* ECF No. 147-1 at 14 n.1 (suggesting that the doctrine does not apply to the government). "[A] stay of the proceedings in one case is justifiable even where the parallel proceedings 'may not settle every question of fact and law,' but would

[8] The Court notes that the July 2021 and August 2021 orders excepting unaccompanied children from the Title 42 Process were challenged in *Texas v. Biden*. *See* note 2, *supra*. It does not appear that the March 2022 order terminating the Title 42 Process as to unaccompanied children has been challenged.

settle some outstanding issues and simplify others." *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (quoting *Landis,* 299 U.S. at 256).

More, Defendants have not even attempted to argue that any harm will flow from a stay in this case. They assert that waiting for conclusion of appellate proceedings in *Huisha-Huisha* will "unnecessarily prolong resolution of [their] motion to dismiss." ECF No. 150 at 3. But, as Plaintiff points out, the injunction in this case is not currently doing any work, as Defendants "by their own admission . . . are not presently seeking to expel unaccompanied children under the Title 42 Policy." ECF No. 151 at 1. That is, this is not a situation in which Defendants interests are harmed because they cannot enforce orders they believe to have been lawfully promulgated unless and until their motion to dismiss is granted and/or the preliminary injunction is dissolved. On the other hand, granting Plaintiff's motion and staying the case will "preserve everyone's resources," including the Court's, by deferring potentially unnecessary briefing and decision. ECF No 151 at 2.

Finally, the Court's "independent obligation to determine whether subject-matter jurisdiction exists" and dismiss cases where it is lacking, ECF No. 150 at 3 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006)), does not require denial of Plaintiff's motion. Rather, it is well-settled that a court may address "certain non-merits, nonjurisdictional issues" prior to determining its jurisdiction "because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Pub. Citizen v. U.S. Dist. Ct. for D.C.*, 486 F.3d 1342, 1348 (D.C. Cir. 2007) (alteration in original) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)). Resolution of Plaintiff's motion "does not entail any assumption . . . of substantive 'law-declaring power.'" *Id.* (alteration in original) (quoting *Sinochem*, 549 U.S. at 424); *see also Hydro Energy 1, S.a.r.l. v. Kingdom of Spain*, No. 21-cv-2463, 2022 WL 2315519, at *1–2 (D.D.C. June

28, 2022) (granting a motion to stay prior to determining whether the defendant, the Kingdom of Spain, was immune from suit under the Foreign Sovereign Immunities Act).

In sum, having weighed the competing interests, the Court finds that a stay is appropriate "[i]n the interest of judicial economy and avoiding unnecessary litigation." *Khadr*, 587 F. Supp. 2d at 229 (alteration in original) (quoting *Al–Anazi,* 370 F. Supp. 2d at 199).

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion to hold Defendants' motion to dismiss in abeyance (ECF No. 148) is **GRANTED**. It is further **ORDERED** that this case is **STAYED** pending completion of appellate proceedings in *Huisha-Huisha v. Mayorkas*.[9]

**SO ORDERED.**

Digitally signed by G. Michael Harvey
Date: 2023.01.25 11:35:59 -05'00'

Date: January 25, 2023

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

[9] If one or both parties believes that, prior to the completion of those proceedings, the circumstances have materially changed such that the propriety of this stay should be revisited, a motion to lift the stay may be filed.